21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael L. WIJAS, Plaintiff/Appellant,
v.
Richard NELSON, Sybil v. Wijas, Howard H. Rosenfeld, et al.,
Defendants/Appellees.
 No. 92-3606.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.*
Decided April 5, 1994.
 
 Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Michael Wijas appeals the district court's dismissal of his complaint brought under 42 U.S.C. Secs. 1981, 1983, and 1985, for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). We affirm.
 
 
 2
 This suit stems from divorce proceedings in the Circuit Court of Cook County, which were initiated in 1983 by Wijas' former wife. All the defendants played some role in the divorce proceedings: Sybil Wijas is Wijas' former wife; Richard Nelson, Howard Rosenfeld, and Kathryn Farmer were Sybil's lawyers at various times during the divorce proceedings; Lee Howard was the guardian ad litem who represented John Wijas, the Wijas' handicapped adult son; Richard Behrendt was John Wijas' case worker at the Illinois Department of Rehabilitation; Norman Koshkarian was Behrendt's supervisor; the Honorable Kathy Flanagan was the judge who presided over the divorce proceedings; Jane Doe is an unknown deputy sheriff who executed a court-ordered body attachment on Wijas; and Michael Sheahan is the Sheriff of Cook County, the official who is to conduct the court-ordered sale of Wijas' home to cover Sybil's attorney fees. In his complaint, Wijas alleges that the defendants conspired to deprive him of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. He seeks monetary damages and injunctive relief.
 
 
 3
 Several weeks after filing his complaint, Wijas filed an emergency motion asking the district court to enjoin the Sheriff's sale of his home. The court denied Wijas' motion, ruling that the doctrine of Younger v. Harris, 401 U.S. 37 (1971), which forbids federal courts from enjoining proceedings in a state court where the state has a substantial, legitimate interest in conducting the proceedings, see New Orleans Public Serv., Inc. v. New Orleans, 491 U.S. 350, 365 (1989), prevented it from enjoining the Sheriff's sale. The court also dismissed Wijas' complaint for lack of subject matter jurisdiction, construing the complaint as a challenge to state divorce proceedings. The court subsequently denied Wijas' motion for reconsideration. See Fed.R.Civ.P. 59(e).
 
 
 4
 Federal Rule of Civil Procedure 8(a) sets forth the general rules of pleading in federal court. A party is instructed to give "a short and plain statement of the claim showing that the pleader is entitled to relief." Wijas' complaint is neither short nor plain. Wading through the twenty-nine-page document is time-consuming; identifying all the claims for relief is nearly impossible. So far as it appears, Wijas' claims are as follows: (1) for monetary damages from Nelson, Howard, Sybil, and Rosenfeld for conspiring with Judge Flanagan to force him to financially support Sybil and pay her attorney fees; (2) for monetary damages from Howard, Rosenfeld, Farmer, and Sybil for conspiring with Judge Flanagan and Jane Doe (the unknown sheriff's deputy) to falsely arrest him; (3) for monetary damages from Jane Doe and Sheriff Sheahan for the allegedly false arrest; (4) injunctive relief against Judge Flanagan and Sheriff Sheahan to enjoin them from ordering and conducting, respectively, the sale of his home; and (5) injunctive relief against Judge Flanagan, Howard, Behrendt, Sybil, and Rosenfeld to enjoin them from unconstitutionally depriving him of his right to freely associate with his son.
 
 
 5
 In Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), the Supreme court held that federal district courts lack jurisdiction to review or modify a judgment of a state's highest court. In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983), the Court refined Rooker in holding that district courts lack jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Taken together, Rooker and Feldman stand for the proposition that "lower courts lack jurisdiction to engage in appellate review of state-court determinations." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 21 (1987) (Brennan, J., concurring); see also Ritter v. Ross, 992 F.2d 750, 753 (7th Cir.1993). Engaging in impermissible appellate review may occur when a district court is asked to entertain a claim that was not argued in the state court but is "inextricably intertwined" with the state court judgment. Feldman, 460 U.S. at 483 n. 16. A claim is "inextricably intertwined" with a state-court judgment if it " 'succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.' " Keene Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir.1990) (quoting Pennzoil v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)); see also GASH Assoc. v. Village of Rosemont, Illinois, 995 F.2d 726, 728 (7th Cir.1993).
 
 
 6
 The Rooker-Feldman doctrine compels dismissal of this case for lack of jurisdiction. At bottom, Wijas is asking the district court to review the state court's orders which compel him to financially support Sybil and to pay her attorney fees. Granted, Wijas alleges that the defendants conspired to deprive him of numerous constitutional rights. But the true thrust of these allegations is against the merits of the divorce proceedings. A plaintiff cannot avoid the Rooker-Feldman doctrine simply by casting his complaint in the form of a civil rights action. Ritter, 992 F.2d at 754 (citing cases). The only claim that could possibly survive the Rooker-Feldman doctrine is the claim against Sheriff Sheahan and Jane Doe for the allegedly false arrest. But the body attachment order was issued because Wijas had failed to make his support payments to Sybil, and Wijas' challenge to his arrest is not directed against the execution of the body attachment order but against Judge Flanagan's authority to compel him to financially support Sybil. A federal district court cannot review the judgment of a state court absent a federal statute authorizing it to do so. See, e.g., 28 U.S.C. Sec. 2241 (habeas corpus). No federal statute authorizes the review Wijas seeks. To obtain the federal review he seeks, Wijas must pursue his claims through the state court system to the Illinois Supreme Court and then, if he does not prevail, to petition for a writ of certiorari to the United States Supreme Court. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record