Matthew Eric RADDATZ and Jessey Wayne Raddatz, Plaintiffs,

v.

Shonnie BEAUBIEN, Dennis Leaman, Judge Harvey Koselka, Lenawee County Commissioners, Lenawee County, Judge Kenneth Glaser, Jr., and State of Michigan, Defendants.

Civ. A. No. 94–73998.

United States District Court, E.D. Michigan, Southern Division.

March 30, 1995.

Lloyd G. Johnson, Joseph Crystal, Albert A. Miller, Detroit, MI, for Kenneth Glazer.

Leo H. Friedman, Michigan Dept. of Atty. Gen., Public Employment and Elections Section, Lansing, MI, for State of Mich.

David B. Gunsberg, Gunsberg & Breskin, Bloomfield Hills, MI, for Lenawee County.

Scott E. Hawkins, Solana Beach, CA, for Jessey Wayne Raddatz.

Jessey Wayne Raddatz, Matthew Eric Raddatz, Indianapolis, IN, pro se.

David N. Smokler, David N. Smokler Assoc., Bingham Farms, MI, for Matthew Eric Raddatz.

Matthew Eric Raddatz, Indianapolis, IN, pro se.

GADOLA, District Judge.

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Matthew Eric Raddatz is seeking to overturn a child custody decision made by a Michigan circuit court based upon alleged civil rights violations under 42 U.S.C. § 1983. Defendants have filed motions to dismiss for lack of subject matter jurisdiction. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court will dispense with oral argument and decide the motions based upon the briefs submitted by the parties. For the reasons discussed below, the court will grant defendants' motions.

### I. Background

Plaintiff Matthew Raddatz was divorced from his wife, Louann Eileen Kannitz, on March 24, 1993 in the Lenawee County Circuit Court. Custody of the couple's eight year old son, Jessey Wayne Raddatz, was awarded to plaintiff. Defendant Judge Harvey Koselka, who presided over the divorce proceedings, retained jurisdiction pursuant to state statute in order to address continuing custody issues.

On February 17, 1994, plaintiff, through his attorney, filed a motion for a change of his son's domicile to Indianapolis, Indiana with the Lenawee County Circuit Court. Because of plaintiff's motion, the Lenawee Friend of the Court was ordered to investigate the child's current circumstances. A referee hearing on the motion for change of domicile was held on March 4, 1994 before the Lenawee County Friend of the Court where plaintiff was represented by his attorney. A second hearing was scheduled for April 6, 1994, where, allegedly, a proposed stipulation and order was to be reviewed.

Before the second hearing took place, plaintiff left Michigan and moved to Indiana on March 4, 1994. Plaintiff left his son with plaintiff's parents who reside in Michigan, but in another school district. These actions occurred without permission of the circuit court.

On March 29, 1994, defendant Shonnie Beaubien, an enforcement officer of the Lenawee County Friend of the Court, filed a motion for an emergency ex parte custody order on behalf of Jessey Raddatz before Judge Koselka. In the motion, Beaubien alleged that plaintiff moved to Indiana on February 14, 1994 and left Jessey Raddatz with the paternal grandparents, apparently with no provision for the child's continuing education, medical needs, or other support. In addition, Beaubien alleged that Jessey's mother indicated that she could not care for the child, the grandparents told the friend of the court that they could no longer care for the child, and that Timothy Raddatz, Jessey's uncle who resides in Colorado, had agreed and was able to take custody of Jessey. Beaubien also cited the fact that Jessey Raddatz has certain emotional and behavioral difficulties which require special counseling and immediate attention.

Judge Koselka granted Beaubien's motion and on March 29, 1994 entered an ex parte custody order awarding temporary custody

of Jessey Raddatz to Timothy Raddatz. Pursuant to the court order, Jessey Raddatz was taken to Colorado to live temporarily with his uncle. Judge Koselka then set a date for a hearing to determine whether the temporary order should be continued. Notice of the judge's decision and the upcoming hearing was sent to plaintiff and plaintiff's attorney on April 1, 1994.

On April 18, 1994, Judge Koselka conducted the hearing regarding the permanent custody of Jessey Raddatz. Plaintiff's attorney, David Kramer, attended the hearing on plaintiff's behalf, but plaintiff was not present. Plaintiff claims that notice of the hearing was sent to his old address, but he admits that he knew about the hearing but was unable to attend. Jessey's mother appeared at the hearing and consented to an order granting permanent custody to Timothy Raddatz.

After the hearing, Judge Koselka awarded Timothy Raddatz permanent custody of plaintiff's son. Pursuant to state statute, plaintiff was given fourteen days in which he could file objections to a proposed order making the change in custody permanent. Because no objections were received by the court, a custody order reflecting Judge Koselka's decision was entered on April 28, 1994.

On May 12, 1994, plaintiff alleges that he filed a notice of appeal of the change in custody order. However, defendants contend that plaintiff sent the notice of appeal to Judge Koselka and not the Michigan Court of Appeals. After Judge Koselka rejected his purported appeal, plaintiff filed a motion for summary disposition and for a change of custody. Following oral argument where plaintiff appeared *pro se,* Judge Koselka denied the motion. Plaintiff did not appeal this decision.

On October 3, 1994, plaintiff filed this action claiming violations of his federal civil rights and various state law claims related to those violations. Plaintiff is seeking relief under 42 U.S.C. § 1983 because he was denied his right to a pre- and a post-deprivation hearing concerning the orders affecting his

custody rights over his son. In addition, plaintiff contends that the ex parte motion filed by Beaubien contained false information. He claims that he did not leave Michigan for Indiana until March 4, 1994, that the grandparents were willing to provide temporary custody, and that he had provided for his son's educational and other needs while plaintiff traveled to Indiana in search of a job.

Plaintiff contends that Judge Koselka merely "rubber-stamped" Beaubien's motion and then denied plaintiff a right to a post-deprivation hearing by giving inadequate notice. Furthermore, plaintiff alleges that Judge Koselka abused his discretion when he granted Timothy Raddatz permanent custody because he failed to weigh or consider evidence from counselors, referees, investigators, and court reports suggesting that plaintiff was a good father.

As to his state law claims, plaintiff contends that Beaubien's actions amount to the tort of intentional infliction of emotional distress. Plaintiff seeks damages from Judge Koselka because he claims that the judge's decisions in the custody case were negligent and were an abuse of process. Plaintiff contends that the judge failed to weigh necessary evidence, did not consider the fitness of Timothy Raddatz to have custody, and did not provide plaintiff with an adequate opportunity to be heard.

Plaintiff also has named as defendants the State of Michigan and Judge Kenneth Glaser, the chief judge of the Lenawee County Circuit Court. However, plaintiff has subsequently conceded that he lacks any cause of action against either of these defendants. Plaintiff still seeks damages and other relief from defendants Lenawee County, Lenawee County Commissioners, and Dennis Leaman, the Lenawee Friend of the Court, based upon various theories of vicarious liability.

## II. Analysis

■ Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants have filed a motion to dismiss for lack of subject matter jurisdiction.[1] Defendants

---

1. Defendant Judge Koselka filed his motion to

dismiss on November 7, 1994. Defendants

contend that plaintiff's complaint is an impermissible attempt to seek review of the final judgment of a state judicial proceeding in a federal district court.[2] In response, plaintiff has directed the court's attention to various defects in Judge Koselka's decision to change custody. After careful consideration, the court agrees with defendants and finds that it lacks jurisdiction over this case based upon the *Rooker/Feldman* doctrine.

In *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir.1986), the Sixth Circuit stated that under the *Rooker/Feldman* doctrine

> [r]eview of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 [U.S.] 462, 476 [103 S.Ct. 1303, 1311, 75 L.Ed.2d 206] (1983). *See* 28 U.S.C. § 1257. *See also Atlantic Coast Line Railroad Co. v. Locomotive Engineers*, 398 U.S. 281, 296 [90 S.Ct. 1739, 1747, 26 L.Ed.2d 234] (1970); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 [44 S.Ct. 149, 150, 68 L.Ed. 362] (1923). A United States district court "has no authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482 [103 S.Ct. at 1314]. This is true, even though the state court judgment may have been erroneous. *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1142 (2d Cir. 1986).

*Id.* (some citations omitted). Thus, federal review of state court judgments is strictly limited. However, "[a] federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake.'" *Id.* (quoting *Resolute Insurance Co. v. State of North Carolina*, 397 F.2d 586, 589 (4th Cir.1968)).

In this case, the court finds that plaintiff is merely trying to attack the decision of the Lenawee County Circuit Court in this district court based upon federal civil rights laws and related state law claims. After entering a temporary ex parte order, Judge Koselka held two hearings in which plaintiff either appeared on his own behalf or was represented by counsel. Following these hearings Judge Koselka changed the custody status of plaintiff's child pursuant to his continuing jurisdiction over the matter pursuant to the divorce decree.

The basic substance of plaintiff's complaint is a claim that Judge Koselka's decision to change custody was based upon various erroneous factual determinations and judgments and that plaintiff lacked adequate notice and opportunity to be heard. Rather than appeal the decision of the circuit court to the Michigan Court of Appeals based upon these claims, plaintiff has brought his complaint to this court for review. In effect, plaintiff is asking "this court to evaluate the merits of the state court['s] decisions.... This is the essence of appellate review and is the exclusive province of the United States Supreme Court." *Automobile Club of Michigan v. Stacey*, 750 F.Supp. 259, 264 (E.D.Mich.1990) (court finds no jurisdiction over section 1983 claim against state judge based upon judge's decisions in state court action). In these circumstances, the court is bound under the *Rooker/Feldman* doctrine to find that it lacks subject matter jurisdiction to consider plaintiff's attack upon the state court judgment in this matter.

As the Sixth Circuit noted in *Sun Valley*, there is an exception to the *Rooker/Feldman* doctrine in cases where the state court judgment is alleged to have been procured through fraud, deception, accident, or mistake. *Sun Valley*, 801 F.2d at 189. In this case, however, plaintiff has presented no evi-

---

Beaubien, Leaman, Lenawee County Commissioners, and Lenawee County filed a motion to dismiss on December 6, 1994 that joined Judge Koselka's motion and addressed additional grounds for relief.

On November 11, 1994, defendant Judge Glaser filed a motion to dismiss based upon the same grounds presented by Judge Koselka. The State of Michigan filed a motion to dismiss on October 31, 1994. However, as the court has already

indicated, plaintiff has conceded that he has no viable claims against either Judge Glaser or the state.

**2.** In presenting their motions, defendants have raised additional grounds for dismissal including judicial immunity and abstention. However, because the court lacks subject matter jurisdiction, these claims will not be considered.

504

dence that the decisions of the state court complained of resulted from any of these circumstances. Rather, after a review of plaintiff's pleadings and submissions, it is apparent that he is seeking relief based upon various alleged procedural problems and factual determinations of the state court that he claims were erroneous. As the court has already indicated, such questions are best left to the Michigan Court of Appeals, the Michigan Supreme Court, and the United States Supreme Court to decide as this court lacks jurisdiction.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant Judge Harvey Koselka's motion to dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Shonnie Beaubien, Dennis Leaman, Lenawee County Commissioners, and Lenawee County's motion to dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant State of Michigan's motion to dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Judge Kenneth Glaser's motion to dismiss is **GRANTED.**

Plaintiffs' complaint is **DISMISSED. SO ORDERED.**