Louis H. BEHR, et al.

v.

Karen SNIDER, et al.

Civ. A. No. 94–7040.

United States District Court,
E.D. Pennsylvania.

Aug. 3, 1995.

Louis H. Behr, Springfield, PA, Pro Se.

Brian K. Wiley, Office of Attorney General, Philadelphia, PA, for Karen Snider, Ind. and as Sec. of PA Dept. of Public Welfare.

Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, PA, for Walter Junewicz, Ind. and as Dir. for Montgomery County Office of Children and Youth.

Howard M. Holmes, Administrative Office of PA Courts, Philadelphia, PA, for Hon. William T. Nicholas, Ind. and as Hearing Judge.

Jeffrey M. Scott, Asst. City Solicitor, Philadelphia, PA, for Maxine Tucker, Ind. and as Commissioner of the Phila. Dept. of Human Services.

Edward J. Tuite, Frayne and Tuite, Wayne, PA, for Mark Greenberg, Ind. and as a Psychologist.

Kathleen Chancler, Philadelphia, PA, for Jacquelyn Zavodnick, Ind. and as a Psychiatrist.

Jonathan B. Sprague, Post & Schell, Philadelphia, PA, for Jacquelyn Zavodnick, Ind. and as a Psychiatrist.

Sarah B. Vandenbraak, Chief, Civil & Exceptional Litigation, Philadelphia, PA, for Cindy Martelli, Ind. and as Assistant District Attorney of Phila. County.

Jane M. Shields, Siana and Schields, P.C., Exton, PA, for Raymond Bechtel, Ind. and as Detective for Lower Pottsgrove Township Police Department.

Patricia L. Franklin, Philadelphia, PA, Pro Se.

Courtney V. Franklin, III, Philadelphia, PA, Pro Se.

### *MEMORANDUM*

RAYMOND J. BRODERICK, District Judge.

This is an action brought by Plaintiff Louis Harry Behr ("Behr") on his own behalf and allegedly on behalf of his minor natural children Matthew, Daniel, Joshua, and Zachary pursuant to 42 U.S.C. § 1983 and other federal and state statutes. Behr, who is proceeding *pro se,* has sued two state court judges, numerous state and county officials, medical personnel, and others based on each defendant's alleged involvement in state investigations of child abuse of the Behr children, in child custody hearings in state court, and in other related state court judicial pro-

ceedings. Behr has also sued his ex-wife, who has custody of the Behr children, and the children's stepfather. Behr alleges that the actions and inactions of the defendants violated the rights of Behr and his children under the United States Constitution, the Pennsylvania Constitution, and various federal and state statutes.

Pending before the Court are motions by Behr for a preliminary injunction, a writ of habeas corpus, and an "emergency restraining order." Defendants have filed various motions to dismiss Behr's complaint, and there are several other disputes between the parties arising out of motions for default judgment and preliminary discovery. For reasons set forth below, Defendants' motions to dismiss the complaint will be granted on the ground that the Court lacks subject matter jurisdiction.

## I. Background

Behr filed his complaint in this action in November, 1994, and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Behr's complaint is 114 pages long and contains 394 individual paragraphs, with the factual allegations alone consuming fifty pages. The relevant factual allegations by Behr will be briefly summarized as follows.

In his complaint, Behr alleges that his wife, defendant Patricia Franklin, attempted to poison him in early 1987. Behr alleges that Patricia Franklin subsequently had an affair with defendant Courtney Franklin, and that both Patricia and Courtney Franklin began to abuse the Behr children in mid–1987. Behr and his wife separated in late 1987, and it appears from the complaint that the children then began to live with Behr's wife in Montgomery County, Pennsylvania, and that Courtney Franklin was usually in residence.

In the latter part of 1988, Behr alleges that as a result of information and statements of the children which were reported to him, he contacted the Office of Children and Youth ("OCY") in Montgomery County to report that his children were being neglected and physically abused by Courtney and Patricia Franklin. This office has responsibility for investigating reports of child abuse, and

may initiate appropriate court proceedings. *See* 23 Pa.C.S.A. 6361 *et seq.* Behr alleges that he was subsequently instructed by a Montgomery County social worker to keep the Behr children until investigations were completed, but that this social worker and other staff of the Montgomery OCY failed to take appropriate action on Behr's reports. Behr, who is a resident of the state of Delaware, alleges that a family court judge in the state of Delaware then ordered him to return the children to Patricia Franklin.

Behr alleges that he filed an emergency petition for special relief and change of custody after Montgomery County OCY staff failed to take action upon receiving other detailed reports from physicians, Behr, Behr's parents, and others about sexual abuse, physical abuse, and neglect of the Behr children. Behr alleges that his petition was denied by Judge Gerald Corso of the Court of Common Pleas, Montgomery County, and that the children were to be returned to Patricia Franklin and that Courtney Franklin was to have "no contact" with the children. Behr alleges that after this ruling, Montgomery County OCY staff continued to disregard evidence of abuse and that both Montgomery County OCY staff and Patricia Franklin violated portions of the order without any consequences. Behr also alleges that various Montgomery County OCY reports on the alleged abuse are filled with unspecified false statements and fabrications, and that his children on at least one occasion refused to return to Patricia Franklin after a visit with Behr.

Behr alleges that after further abuse of the children and Montgomery County OCY staff discounting both evidence of abuse and expert opinion that abuse was occurring, he filed an emergency petition for change of custody in Montgomery County. Behr then hid the children on July 22, 1989 and refused to return them to their mother. The Honorable Judge William Nicholas, President Judge of the Court of Common Pleas, Montgomery County, ordered Behr to return the children and Behr sought an emergency stay in Pennsylvania Superior Court. Behr alleges that Superior Court denied his petition and ordered the children to be returned to

their mother, but also ordered that Courtney Franklin should stay away from the children.

While the children were in hiding, Behr alleges that he received additional evidence that the children had been abused and that the Montgomery County Assistant District Attorney Karen DeGenaro and Montgomery County OCY staff promised him that there would be a full investigation. Behr alleges that on October 16, 1989, he turned the children over to the Federal Bureau of Investigation in Georgia after Judge Nicholas, DeGenaro, and Montgomery County OCY staff agreed to an arrangement with a Georgia judge and Georgia state officials in which the children would be placed in protective custody in Pennsylvania and the charges investigated. Behr alleges that this agreement was violated when the children were returned to Pennsylvania, and that the children were placed into foster care and "interrogated." As a result of this improper "interrogation," Behr alleges that the children recanted their allegations of abuse.

Behr alleges that during late 1989 and 1990, Judge Nicholas held various hearings and issued orders which were procedurally and substantively flawed, including a denial of Behr's emergency petition for relief, an order directing that the Behr children live with Patricia and Courtney Franklin, and orders denying visitation rights to Behr and members of his family. Behr alleges that Judge Nicholas ignored evidence, received improper ex parte communications from Montgomery County OCY staff, appointed a biased guardian at litem for the children, prevented Behr from presenting relevant evidence and unfairly delayed hearings, manipulated the children's testimony, failed to recuse himself, and relied on reports submitted by Montgomery County OCY staff which were faulty and did not incorporate interviews with the children or those professionals who had reported abuse. Behr also alleges that a psychological evaluation found that he has no mental illness, that he was the only one of the parties to submit and pass a lie detector test suggested by the guardian ad litem, and that a jury found him not guilty of interfering with custody orders. Behr further alleges that a police officer told him that the officer was investigating Courtney Franklin for child abuse, but that the district attorney subsequently refused to prosecute.

In August 1990, the Franklins and the Behr children relocated to Philadelphia County, and Behr alleges that he filed a petition for custody there in February 1991 and a subsequent emergency modification petition. Behr alleges that Judge Allan Tereshko of the Philadelphia County Court of Common Pleas, Family Division, heard his petition and issued orders regarding visitation rights and other matters over the next several years which were also procedurally and substantively flawed. Behr alleges that Judge Tereshko ignored evidence and was improperly influenced by Montgomery County OCY staff and Judge Nicholas. Behr further alleges that Judge Tereshko first failed to rule on his petition, and then held hearings without proper notice and failed to give Behr opportunities to develop and present relevant testimony. Behr also alleges that child abuse investigations by Philadelphia County social service workers were also flawed.

According to Behr's complaint, Judge Tereshko issued an order on July 5, 1994, denying Behr's 1991 petition to modify custody. Behr alleges that he subsequently filed an emergency appeal of this decision in the Superior Court of Pennsylvania, which denied his petition on July 24, 1994 as well as a motion for reconsideration. Behr alleges that he subsequently filed an emergency appeal with the Supreme Court of Pennsylvania, which also denied his appeal on October 13, 1994. Meanwhile, Behr alleges that Judge Tereshko held a hearing in August 1994 regarding a petition by Patricia Franklin to attach various monies of Behr for back child support. According to Behr, Judge Tereshko granted every petition of Patricia Franklin and denied every petition by Behr, and subsequently ordered Behr to be held in custody for ten days for contempt of court. Behr also alleges that he has now received recent school files on his children which indicate that the abuse and neglect is continuing, and that the defendants have refused to take appropriate action.

Behr has named the following judges, district attorneys, and law enforcement officials as defendants in this action in their individual and official capacities: Judge William T. Nicholas, President Judge of the Court of Common Pleas, Montgomery County; and Judge Allan Tereshko, Court of Common Pleas, Philadelphia County; Ernest Preate, former Attorney General of Pennsylvania; Marylou Barton, former deputy Attorney General of Pennsylvania; Michael Marino, district attorney of Montgomery County; Karen DeGenaro, former assistant district attorney of Montgomery County; Cindy Martelli, assistant district attorney of Philadelphia County; Edward Lehman, probation officer for Philadelphia County; and Raymond Bechtel, a detective in the Lower Pottsgrove Township police department.

Behr has also named the following officials in the Pennsylvania Department of Public Welfare and in the Montgomery County Office of Children and Youth and the Philadelphia Department of Human Services as defendants in this action, again in their individual and official capacities: Karen Snider, Secretary of Pennsylvania Department of Public Welfare; George Taylor, Director for the Pennsylvania Department of Children and Youth; Anne Shenberger, Director for the Eastern Regional Office of the Pennsylvania Department of Children and Youth; and Joylette Branson, caseworker for the Eastern Regional Office of the Pennsylvania Department of Children and Youth; Walter Junewicz, Director of the Montgomery County OCY; Joanne Ferillo Cianiulli, caseworker for Montgomery County OCY; Claire Sturgeon, caseworker for Montgomery County OCY; Maxine Tucker, Commissioner of the Philadelphia Department of Human Services; and Helena Dow, supervisor for Philadelphia County Department of Human Services.

Behr has also named the following medical personnel who prepared reports on the abuse or otherwise participated in the investigations and court proceedings as defendants in this action: Mark Greenberg and Peter Syre, psychologists; Alan DeJong, a physician; and Jacquelyn Zavodnick, a psychiatrist. Behr has also sued Susan P. Gantman, the court-appointed guardian ad litem for the Behr children; Patricia Franklin, the mother of the Behr children; and Courtney Franklin, the children's stepfather. Finally, Behr has listed 15 "John Doe" defendants.

Behr alleges numerous communications between himself, his relatives, and the defendants. He states that numerous defendants have taken various actions ranging from ignoring his letters to making various statements suggesting bias and a refusal to take his allegations seriously. He alleges that numerous defendants are unqualified to assess child abuse, or are motivated by financial reward or other improper reason.

Based on the factual allegations in his complaint, Behr contends that the defendants have deprived the Behr children of due process and equal protection rights guaranteed under the United States Constitution, as well as other rights purportedly created by numerous federal and state statutes related to child abuse. Behr asserts that the Court has jurisdiction under 28 U.S.C. § 1331 over his claims made pursuant 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other federal statutes, and has supplemental jurisdiction over his state law claims.

The forms of relief requested by Behr in his complaint include declaratory judgments that the defendants' actions and inactions violated the rights of Behr and his children, and orders that the children be placed in the custody of the state for thorough examinations. In the alternative, Behr's complaint requests that the children be placed in certain hospitals for complete examinations, as well as additional orders related to changes in visitation rights for Behr and his family, appointment of a guardian for the children, and new investigations of the alleged abuse by individuals other than the defendants. In addition, Behr seeks compensatory damages of $2,000,000 and punitive damages in the amount of $10,000,000. Behr seeks similar forms of injunctive relief in his motions for a preliminary injunction, writ of habeas corpus, and "emergency restraining order," which recount factual allegations summarized above.

The twenty-five defendants in this action, either as individuals or in small groups based on the identity of their employer, have each

filed or joined in motions to dismiss the complaint on a variety of grounds, and Behr has responded to these motions. Several of the defendants raise objections to the jurisdiction of the Court on the ground that the Court is without subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine. Several defendants assert Behr has failed to state a federal claim upon which relief can be granted based on variety of grounds, including absolute or qualified immunity, statute of limitations, and Behr's failure to satisfy various elements of a § 1983 or 1985 action. In addition, several defendants contend that there is no violation of constitutional rights in light of *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), and that he has no standing to bring suit on behalf of his minor children. Defendants also argue that the Court should not exercise supplemental jurisdiction over Behr's state law claims, and that statutory immunities and exhaustion principles related to these state law claims are applicable. Defendants also oppose any preliminary injunctive relief.

## II. Discussion

 When reviewing a motion to dismiss, the Court must accept as true all factual allegations contained in the complaint as well as all reasonable inferences that may be drawn from those allegations and view them in the light most favorable to the non-moving party. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *Zlotnick v. TIE Communications*, 836 F.2d 818, 819 (3d Cir.1988). The motion should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

 Under the *Rooker–Feldman* doctrine, "federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding." *Guarino v. Larsen*, 11

F.3d 1151, 1156 (3d Cir.1993) (internal quotation omitted); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). In *Centifanti v. Nix*, 865 F.2d 1422 (3d Cir.1989), the Third Circuit quoted Justice Marshall in *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) for guidance in determining when a constitutional claim is "inextricably intertwined" with the particular decision of a state court:

> While the question of whether a federal constitutional challenge is inextricably intertwined with the merits of a state court judgment may sometimes be difficult to answer, it is apparent, as a first step, that the federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment.

*Centifanti, supra*, at 1430 (quoting *Pennzoil, supra*, 481 U.S. at 25, 107 S.Ct. at 1533 (Marshall, J., concurring)). The Third Circuit has also found that

> if federal district courts are precluded, as they are, from reviewing the decisions of a state's highest court, even when those decisions appear to the district court to have plainly been in violation of the Constitution, then federal district courts are certainly also precluded from reviewing decisions of lower state courts, which are subject to correction and modification within the state court system.

*Port Auth. Benevolent Ass'n v. Port Auth. of New York and New Jersey*, 973 F.2d 169, 177 (3d Cir.1992).

 In the instant case, the Court has carefully reviewed Behr's complaint and his other pleadings and determined that the *Rooker–Feldman* doctrine precludes the Court from exercising subject matter jurisdiction over Behr's constitutional claims. Al-

725

though Behr has stated that he does not seek review of the child custody decisions by the state court, there is no doubt that the constitutional violations Behr asserts are inextricably intertwined with the decisions of the state court system regarding the alleged abuse, the proper custody of the Behr children, and the visitation rights of Behr and his family. *Cf. Weinstein v. Lasover,* No. 93–1552 and No. 93–4223, 1993 WL 475505 (E.D.Pa., Nov. 12, 1993) (Cahn, C.J.); *Fuller v. Harding,* 699 F.Supp. 64 (E.D.Pa.) (Newcomer, J.), *aff'd,* 875 F.2d 310 (1989) (applying *Rooker–Feldman* to child custody dispute).

The fact that Behr has pursued emergency appeals within the state court system does not change this result. Appeal to the United States Supreme Court is the proper procedure if Behr disagrees with decisions of the Pennsylvania Supreme Court. *See* 28 U.S.C. § 1257.

█ Behr vigorously asserts that his action is not a child custody dispute. Nevertheless, a careful review of his pleadings has convinced the Court that Behr is ultimately seeking in this proceeding to invalidate the custody decisions rendered by the state courts, remove the children from the custody of their mother and stepfather (whom Behr alleges are abusing the children), and obtain some form of custody or visitation rights. As the Supreme Court has noted, it is clear that there is no independent federal jurisdiction over disputes regarding parental rights and the proper custody of children. In *Ankenbrandt v. Richards,* 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), the Supreme Court, stated that " '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States.' " *Ankenbrandt,* 504 U.S. at 701, 112 S.Ct. at 2214 (quoting *In re Burrus,* 136 U.S. 586, 594, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890)).

█ Additional grounds for federal jurisdiction alleged by Behr are also without merit. Behr has sought habeas corpus relief on behalf of his children, but the United States Supreme Court has explicitly concluded that the concept of "custody" underlying the writ of habeas corpus does not apply to children in "custody" pursuant to state court child custody decisions. *See Lehman v. Lycoming County Children Services Agency,* 458 U.S. 502, 511–12, 102 S.Ct. 3231, 3237–38, 73 L.Ed.2d 928 (1982). Similarly, Behr has not demonstrated any class-based, invidiously discriminatory practice that would constitute a cognizable claim under 42 U.S.C. § 1985(3). *See Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *see also D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.,* 972 F.2d 1364, 1377 (3d Cir.1992). Although Behr has also alleged statutory violations of the Child Abuse Prevention and Treatment Act, 42 U.S.C. § 5101 *et seq.,* the Court has concluded that Congress did not intend to federalize a parent's disputes over decisions in state investigations of individual child abuse cases. *Cf.* 42 U.S.C. § 5115a(e) (explicitly providing for private right of action where state foster care agency receiving federal financial assistance engages in discriminatory practices).

Finally, the Court notes that it is not the first federal court to reach similar conclusions in analyzing allegations by Behr. *See, e.g., Matthew B. v. Karen Snider,* No. 92–6289 (E.D.Pa.1992) (Van Antwerpen, J.) (dismissing by order a similar action by Behr as frivolous pursuant 28 U.S.C. § 1915 on the ground that the Court was without jurisdiction and that Behr's action was in effect a child abuse and child custody dispute).

█ In light of the Court's conclusion that there are no claims over which it has original jurisdiction, the Court will decline to exercise jurisdiction over Plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367.

For the above reasons, the complaint and petition for a writ of habeas corpus will be dismissed. In light of the dismissal of the complaint for lack of subject matter jurisdiction, the other pending motions will be dismissed as moot.

### *ORDER*

AND NOW, this 3rd day of August, 1995; for reasons stated in the Court's memorandum of August 3, 1995;

IT IS ORDERED: Defendants' motions to dismiss are GRANTED and Plaintiffs' complaint is DISMISSED on the ground that the Court is without subject matter jurisdiction.

IT IS FURTHER ORDERED: Plaintiffs' petition for a writ of habeas corpus is DISMISSED on the ground that the Court is without subject matter jurisdiction.

IT IS FURTHER ORDERED: Since the Court is without subject matter jurisdiction, the following motions by Plaintiffs are DISMISSED AS MOOT: motion for a preliminary injunction, motion for an "emergency restraining order," motion for default judgment, motion to quash a motion by Defendants Zavodnick and DeJong in opposition to Plaintiffs' motion for default, motion to compel Defendant Franklin to comply with Plaintiffs' subpoena, motion to proceed with discovery interrogatories, motion to allow such interrogatories to be either written or oral; and motion to compel Defendants Tucker and Dow to file a motion to dismiss.

IT IS FURTHER ORDERED: Plaintiffs' motion for enlargement of time to respond to certain motions to dismiss is DISMISSED AS MOOT in light of Plaintiffs having filed responses to said motions to dismiss.