**Thomas Scott LOGAN, Plaintiff,**

v.

**Debra K. LILLIE, et al., Defendants.**

**Civil Action No. 96–6575.**

United States District Court,
E.D. Pennsylvania.

May 27, 1997.

Brian M. Puricelli, Law Offices of Brian M. Puricelli, Washington Crossing, PA, for Thomas Scott Logan.

Howard M. Holmes, Administrative Office of Pa. Courts, Philadelphia, PA, for Debra K. Lillie and John Rufe.

John B. Kalinkos, Roeger, Walker and Bahls, Perkasie, PA, for Suzanne Logan.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiff Thomas S. Logan has sued defendants Judge John J. Rufe of the Court of Common Pleas of Bucks County, Debra K. Lillie, a custody conference officer employed by the Court of Common Pleas of Bucks County, and his ex-wife Suzanne Logan ("the defendants") under 42 U.S.C. §§ 1983 and 1985 as well as sundry state law torts. The complaint alleges that the defendants' conduct during the course of state court judicial proceedings between Mr. Logan and Ms. Logan over the custody of their four-year-old daughter, Heather Logan, resulted in a denial of Mr. Logan's constitutional right to due process.

For the reasons set forth below, the Court will dismiss the complaint on the ground that the Court lacks subject matter jurisdiction to hear the case under the *Rooker–Feldman* doctrine.

## I.

Thomas Logan and Suzanne Logan were married on March 2, 1991, and divorced on December 4, 1995. On February 27, 1996, the Court of Common Pleas of Bucks County awarded Ms. Logan primary physical custody of Heather, with Mr. Logan being granted partial physical custody of Heather including some weeknight and weekend visitation privileges.

On September 12, 1996, Ms. Logan filed an action in the Court of Common Pleas of Bucks County seeking to obtain sole custody of Heather, or, alternatively, restricting Mr. Logan's partial custody rights only to supervised visits of Heather pending the outcome of a government agency investigation into Ms. Logan's allegations that Mr. Logan had sexually abused Heather during a recent custody visit. That same day, an order was issued by Judge Michael J. Kane of the Court of Common Pleas of Bucks County requiring Mr. Logan to attend a child custody conference on September 20, 1996.

On September 13, 1996, Mr. Logan filed a custody action seeking joint legal and physical custody of Heather and denying the sexual abuse allegations made by Ms. Logan in the September 12, 1996 complaint.

On September 20, 1996, defendant Lillie presided over a custody conference attended by both Mr. Logan and Ms. Logan. Following the custody conference, defendant Lillie prepared a three-page written report recommending, *inter alia*, that pending the state court custody hearing scheduled for September 26, 1996 before Judge Rufe, the court should enter an order suspending contact between Mr. Logan and Heather in the interim "for the protection of each."

On the same day, without a hearing, and allegedly relying solely on defendant Lillie's conference report, Judge Rufe issued the following one-sentence Order: "And Now, this 20th day of September, 1996, it is OR-

DERED that there shall be no contact between plaintiff (Mr. Logan) and the minor child [Heather] pending hearing on September 26, 1996, at 10:00 A.M. in Courtroom # A–9."[1] It is this Order which Mr. Logan claims deprived him of his constitutional rights without due process.

On September 26, 1996, following a custody hearing at which both Mr. Logan and Ms. Logan were present and represented by counsel, Judge Rufe issued an order which in effect restored the parties to the status quo ante, that is to the positions they held before both parties had sought modifications of the Order of February 27, 1996. In addition, the Order of September 26, 1996 provided that Mr. Logan would be permitted to have visitation rights on two "make-up" weekends in order to compensate him for any visitation time with Heather which he had not enjoyed as a result of the Order of September 20, 1996.

On September 30, 1996, Mr. Logan filed the complaint in the instant case. In counts 1–3 of the complaint, Mr. Logan alleges that as a result of the Order of September 20, 1996 issued by Judge Rufe without a hearing and based solely upon the report of conference officer Lillie, he was deprived of his federal constitutional rights of association, due process, and equal protection of the law during the course of the state court custody proceedings. Mr. Logan prays that the Court issue a declaratory judgment finding the defendants' actions unconstitutional, enjoin the defendants from using what Mr. Logan refers to as "ex parte" procedures to adjudicate Mr. Logan's custody rights in any future state court custody proceedings, award money damages and attorneys' fees for the alleged constitutional violations, and direct that his parental custodial rights be restored. Counts 4 and 5 of the complaint allege violations of the Pennsylvania Constitution and various state causes of action including civil conspiracy, abuse and/or malicious use of civil proceedings, and intentional infliction of emotional distress.

The defendants have moved to dismiss the complaint on various grounds including lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of civil Procedure, or alternatively, for summary judgment. Mr. Logan has filed responses thereto.

## II.

### A.

Because the federal courts are courts of limited jurisdiction once the defendant raises the jurisdictional bar of the *Rooker–Feldman* doctrine, the Court must satisfy itself before proceeding that under the *Rooker–Feldman* doctrine it has subject matter jurisdiction to hear Mr. Logan's lawsuit. *See Ernst v. Child & Youth Services of Chester County*, 108 F.3d 486, 491 (3d Cir.1997).

According to the *Rooker–Feldman* doctrine, " 'lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.' " *Marks*, 19 F.3d 873, 885 n. 11 (quoting *Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept.*, 973 F.2d 169, 177 (3d Cir.1992)). *See also, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S.Ct. 1303, 1316, 75 L.Ed.2d 206 (1983); *Guarino v. Larsen*, 11 F.3d 1151, 1156 (3d Cir.1993). The Third Circuit has explained that under the *Rooker–Feldman* doctrine,

> if federal district courts are precluded, as they are, from reviewing the decisions of a state's highest court, even those decisions that appear to the district court to have plainly been in violation of the Constitution, then federal district courts are

---

1. Rule 1915.13 of the Pennsylvania Rules of Civil Procedure, which is applicable to actions for custody and visitation, provides as follows:

   **Rule 1915.13   SPECIAL RELIEF**

   At any time after commencement of the action, the court may on application or its own motion grant the appropriate interim or special relief.

The relief may include but is not limited to the award of temporary custody, partial custody or visitation . . .

Moreover, the explanatory notes to Rule 1915.13 makes clear that "the power of the court to grant special relief shall not be limited to the types of relief catalogued."

certainly also precluded from reviewing decisions of lower state courts, which are subject to correction and modification within the state court system.

*Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept.*, 973 F.2d 169, 177 (3d Cir.1992).

■ Nor does *Rooker–Feldman* permit a disappointed state plaintiff to seek review of a state court decision in the federal court by masquerading his complaint in the form of a federal civil rights action. If it were otherwise, "any person dissatisfied with a state custody award could seek review in the district court under the guise of a [federal civil rights] violation." *Fuller v. Harding*, 699 F.Supp. 64, 67 (E.D.Pa.1988) (Newcomer, J.), *aff'd.*, 875 F.2d 310 (3d Cir.1989).[2] Therefore, *Rooker–Feldman* counsels that the path for correcting a lower state court's decision, even one which assertedly results in a violation of the plaintiff's federal constitutional rights, lies with the state appellate courts and ultimately with the United States Supreme Court. *See Fuller*, 699 F.Supp. at 67 (explaining that if plaintiffs' federal constitutional rights to due process were violated during state court custody proceedings, the appropriate recourse in light of the jurisdictional bar of *Rooker–Feldman* is take an appeal to the state appellate courts and ultimately to the United States Supreme Court).

## B.

■ The specific *Rooker–Feldman* jurisdictional inquiry presented in this case is whether Mr. Logan's claims of deprivation of due process are "inextricably intertwined" with the state court's decision of September 20, 1996.[3]

In *Centifanti v. Nix*, 865 F.2d 1422 (3d Cir.1989), the Third Circuit, quoting Justice Marshall in *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), provided guidance in determining when a constitutional claim is "inextricably intertwined" with the particular decision of a state court for purposes of barring the district court's jurisdiction to hear the case under the *Rooker–Feldman* doctrine:

> While the question of whether a federal constitutional challenge is inextricably intertwined with the merits of a state court judgment may sometimes be difficult to answer, it is apparent, as a first step, that the federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court proceeding was wrong, it is difficult to conceive that the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment.

*Centifanti*, 865 F.2d at 1430 (quoting *Pennzoil*, 481 U.S. at 25, 107 S.Ct. at 1533) (Marshall, J., concurring); *Accord, FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir.1996) (finding plaintiff's federal constitutional claim inextricably intertwined with the state court decision "if the relief requested in the federal action requires determining that the state court decision is

**2.** In *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), the Supreme Court declared that, " '[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States." *Ankenbrandt*, 504 U.S. at 701, 112 S.Ct. at 2214 (quoting *In re Burrus*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890)). Therefore, as Judge Broderick found in a recent case dismissing a § 1983 action arising out of state court custody proceedings for lack of subject matter jurisdiction, "it is clear that there is no independent federal jurisdiction over disputes regarding parental rights and the proper custody of children." *Behr v. Snider*, 900 F.Supp. 719, 725 (E.D.Pa. 1995) (discussing *Ankenbrandt* ).

**3.** In his complaint, without further elaboration, Mr. Logan requests that the Court order his "parental custodial rights restored." However, in his reply memorandum to the motion to dismiss, Mr. Logan explains that he is not challenging the state court's orders of February 27, 1996, or September 26, 1996, but rather has based the instant action exclusively upon the alleged violations of his federal constitutional rights arising out of the order entered on September 20, 1996. *See* doc. no. 6 at 4–5. Apparently, Mr. Logan recognizes as he must that under the first-prong of the *Rooker–Feldman* doctrine, which bars a federal district from assuming subject matter jurisdiction over an appeal from the decision of a state court, the Court is without jurisdiction over the state court custody orders of February 27, 1996, and September 26, 1996.

wrong or would void the state court's ruling ...") (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995)).[4]

In this case, in order to evaluate Mr. Logan's constitutional claims that he was denied due process as a result of Judge Rufe's failure to afford him a hearing before issuing the Order of September 20, 1996 denying him partial custody and visitation rights *pendente lite*,[5] it would require this Court to determine that the state court "wrongly decided" the custody and visitation issue. *Centifanti*, 865 F.2d at 1430. In other words, the relief requested by Mr. Logan, if grant-

ed, would have the effect of restoring Mr. Logan's parental custody and visitation rights nunc pro tunc, at least for the six days during which the Order of September 20, 1996 was in effect, in derogation of that state court's ruling. Accordingly, the Court concludes that under the *Rooker–Feldman* doctrine it is without subject matter jurisdiction to hear the lawsuit.[6]

### III.

In cases involving federal claims and appended state law claims, "if the federal claims are dismissed before trial ... the

---

4. In support of his contention that the Court is not barred under *Rooker–Feldman* from hearing the case, Mr. Logan has directed the Court's attention to the Third Circuit's decisions in *Bryant v. Sylvester*, 57 F.3d 308 (3d Cir.1995) and *Golden v. Lindenmuth*, 60 F.3d 814 (3d Cir. 1995). Both of the cases cited by Mr. Logan do not address the question of whether the district court has jurisdiction under *Rooker–Feldman* to hear § 1983 actions bottomed on constitutional violations arising out of state court custody disputes. Rather, both *Bryant* and *Golden* involve the question of whether the district court's decision to deny a motion to dismiss for lack of jurisdiction under *Rooker–Feldman* is an immediately appealable order. Therefore, the Court concludes that *Bryant* and *Golden* are inapplicable in this case.

5. Mr. Logan has not even argued, much less proven, that his constitutional claims depend upon the invalidation of any state statute, rule, or regulation which is independent of the state court's decision on the custody and visitation issue set forth in the Order of September 20, 1996. *See Nesses v. Shepard*, 68 F.3d 1003, 1004–05 (7th Cir.1995) (finding that whether *Rooker–Feldman* applied depended on whether the plaintiff was challenging a rule or regulation or whether he was merely seeking reversal of an individual decision by a state actor).

6. The Court's decision is consistent with the clear trend of case authority holding that actions brought under §§ 1983 and 1985 but which are bottomed on claims of constitutional violations arising out of state court child custody proceedings are "inextricably intertwined" with such custody proceedings and therefore are barred under the *Rooker–Feldman* doctrine from the subject matter jurisdiction of the federal courts. *See e.g., United States ex rel. Verdone v. State of Wisconsin*, 1995 WL 94914, at *2 (7th Cir.1995) (finding that district court was barred under *Rooker–Feldman* from hearing federal civil rights action bottomed on claims of constitutional violations arising out of state court custody proceedings); *Chrissy F. v. Mississippi Department of Public Welfare*, 995 F.2d 595, 598–99 (5th Cir.

1993) (finding that district court was barred under *Rooker–Feldman* from hearing federal civil rights action bottomed on claims of constitutional violations arising out of state court custody proceedings), *cert. denied*, 510 U.S. 1214, 114 S.Ct. 1336, 127 L.Ed.2d 684 (1994); *Liedel v. Juvenile Court of Madison County, Alabama*, 891 F.2d 1542, 1545–46 (11th Cir.1990) (finding that district courts have no jurisdiction under *Rooker–Feldman* to hear § 1983 actions bottomed on constitutional claims arising out of state court child custody proceedings); *Thompson v. McFatter*, 951 F.Supp. 221, 223–24 (M.D.Ala.1996) (finding that district court was barred under *Rooker–Feldman* from hearing § 1983 action where plaintiff's complaint alleged constitutional violations of his rights of association, due process, and equal protection arising out of state court custody proceedings); *Behr v. Snider*, 900 F.Supp. 719, 724–25 (E.D.Pa.1995) (Broderick, J.) (finding that district court was barred under *Rooker–Feldman* from hearing federal civil rights action brought under §§ 1983 and 1985 bottomed on claims for declaratory and injunctive relief and monetary damages for alleged due process, equal protection, and other constitutional violations arising out of state court custody proceedings); *Raddatz v. Beaubien*, 880 F.Supp. 500, 503–04 (E.D.Mich.) (finding that district court was barred under *Rooker–Feldman* from hearing § 1983 action bottomed on claims that state court custody proceedings lacked adequate notice and opportunity to be heard), *aff'd*, 72 F.3d 130 (1995); *Weinstein v. Lasover*, 1993 WL 475505, at *3–4 (E.D.Pa.1993) (Cahn, C.J.) (finding that district court was barred under *Rooker–Feldman* from hearing § 1983 action bottomed on claims of constitutional violations arising out of state divorce, alimony, support and custody matters); *Fuller v. Harding*, 699 F.Supp. 64, 67 (E.D.Pa.1988) (Newcomer, J.) (finding that district court was barred under *Rooker–Feldman* from hearing federal action brought under §§ 1983 and 1985 action bottomed on claims for declaratory and injunctive relief for alleged constitutional violations arising out of state court custody proceedings), *aff'd*, 875 F.2d 310 (3d Cir.1989).

state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In light of the fact that plaintiff's federal claims have been dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), and as Mr. Logan has brought no other claims for federal relief, the Court will exercise its discretion to dismiss without prejudice Mr. Logan's pendent state law claims. *See* 28 U.S.C. § 1367(c)(3).

### IV.

For the above reasons, the Court will grant the motion to dismiss under Fed. R.Civ.P. 12(b)(1) since it lacks subject matter jurisdiction to hear the case under the *Rooker–Feldman* doctrine.

An appropriate order will issue.

### ORDER

**And now,** this **27th** day of **May, 1997,** upon consideration of the respective motions to dismiss by defendants Judge John J. Rufe, Debra K. Lillie, Esq., and Suzanne Logan, or alternatively for summary judgment (doc. nos. 2 & 5), and plaintiff's responses thereto (docs. nos. 6 & 7), it is hereby **ORDERED** that the motions to dismiss are **GRANTED** for the reasons set forth in the Court's memorandum of this date.

**AND IT IS SO ORDERED.**