**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-40661
Summary Calendar
_____

DENISE STOCKTON BELL,

Plaintiff-Appellant,

versus

ROY VALDEZ, Judge; WILLIAM E. BELL,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(B-96-CV-233)

January 4, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Denise Stockton Bell ("Stockton") appeals from the district court's orders: 1) dismissing her §§ 1983 and 1985 claims under Rule 12(b)(6); 2) denying her motion for leave to file a supplemental pleading; 3) denying her motion to file an amended complaint; 4) denying her motion for a new trial and to strike the final judgment against her; and 5) denying her motion for relief from judgment based on newly discovered evidence. We find that federal courts lack subject matter jurisdiction over Stockton's claims under the *Rooker-Feldman* doctrine. We therefore vacate the Rule 12(b)(6) dismissal as to those claims and remand the case to the district court.

Stockton alleges that Bell and Judge Valdez, who presided over Stockton's divorce from Bell, engaged in a conspiracy to provide Bell a favorable outcome in the divorce proceedings, thereby

*  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

depriving Stockton of her constitutional rights. Stockton originally filed in state court; Bell and Judge Valdez removed the case to federal court. Ultimately, adopting the magistrate judge's recommendation, the district court dismissed Stockton's §§ 1983 and 1985 claims against Bell and Judge Valdez for failure to state a claim.[1]

As the magistrate judge noted in dismissing Stockton's claims against Bell, "Bell's grievance against Defendants is basically an 'appeal' of Valdez' divorce decree." Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to entertain collateral attacks on state court judgments. *See, e.g., United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) ("The *Rooker-Feldman* doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments."); *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) ("When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state court decision,' the court lacks subject matter jurisdiction to conduct such a review.") (internal citation omitted). "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *Shepherd*, 23 F.3d at 924.

The *Rooker-Feldman* doctrine has frequently been used to dismiss civil rights complaints that, like Stockton's, are in essence challenges to state court divorce decrees. In *Wijas v. Nelson*, Wijas sued a number of parties involved in his divorce proceeding, including his ex-wife and the presiding judge, under §§ 1981, 1983, and 1985. *See Wijas v. Nelson*, 1994 WL 117988, at *1 (7th Cir. 1994) (unpublished). Wijas claimed that the defendants conspired to deprive him of various constitutional rights. *Id.* at *1. The Seventh Circuit upheld the district court's dismissal of the claim for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See id.* at 2 ("The *Rooker-Feldman*

---

[1] Bell never moved to dismiss Stockton's claim in federal court. However, it is well-established that the district court may dismiss a complaint on 12(b)(6) grounds *sua sponte*. *See First Gibraltar Bank v. Smith*, 62 F.3d 133, 135 (5th Cir 1995); *Guthrie v. Tifco Industries*, 941 F.2d 374, 379 (5th Cir. 1991). Moreover, the *Rooker-Feldman* doctrine deprives federal courts of jurisdiction. This can always be raised *sua sponte*. *See Great Prize v. Mariner Shipping Pty., Limited*, 967 F.2d 157, 159 (5th Cir. 1992).

doctrine compels dismissal of this case for lack of jurisdiction. At bottom, Wijas is asking the district court to review the state court's orders which compel him to financially support Sybil . . . Granted, Wijas alleges that the defendants conspired to deprive him of numerous constitutional rights. But the true thrust of these allegations is against the merits of the divorce proceedings. A plaintiff cannot avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action."). *See also Pilkington v. Pilkington*, 389 F.2d 32 (8th Cir. 1968) (*pro se* appellant sued ex-wife and various county officials for conspiracy to deprive him of constitutional rights; court upheld dismissal for lack of jurisdiction under *Rooker-Feldman*, holding that "It is plainly evident that what appellant seeks in this original action is a review by the federal courts of the proceedings of the Missouri state courts in the divorce action."); *Carlock v. Williams*, 1999 WL 454880 (6th Cir. 1999) (unpublished) (same holding); *Shqeir v. Martin*, 1997 WL 587482, at *2 (N.D. Tex. 1997) (§ 1983 claim against judge in state divorce proceeding dismissed under *Rooker-Feldman* as "seeking a reversal" of the divorce court proceeding "under the guise of a civil rights action") (noting that "a long line of Fifth Circuit precedent holds that a plaintiff may not seek reversal of a state court decision by casting a complaint in the form of a civil rights action," with several supporting citations); *cf. Logan v. Lillie*, 965 F. Supp. 695, 699 n. 6 (E.D. Pa. 1997) ("The Court's decision is consistent with the clear trend of case authority holding that actions brought under §§ 1983 and 1985 but which are bottomed on claims of constitutional violations arising out of state court child custody proceedings are 'inextricably intertwined' with such custody proceedings and therefore are barred under the *Rooker-Feldman* doctrine from the subject matter jurisdiction of the federal courts.").

The district court erred in dismissing Stockton's claims under Rule 12(b)(6), because the *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction over Stockton's case. We therefore vacate the 12(b)(6) dismissals and remand to the district court for further proceedings not inconsistent with this opinion. As we lack jurisdiction over Stockton's case, we cannot consider her appeals of the district court's other orders.

VACATED AND REMANDED.