**George D. LAMB, Appellant,**

v.

**FARMERS INSURANCE COMPANY, INC., Gilbert Buick, Inc., Crawford and Company, Inc., Appellees.**

No. 78–1520.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 3, 1978.

Decided Nov. 9, 1978.

George D. Lamb, pro se.

Carter, Brinker, Doyen & Kovacs, Clayton, Mo., for appellee, Farmers Insurance Co., Inc.

Heege & Heege, Clayton, Mo., for appellees, Crawford and Company, Inc., and Gilbert Buick.

Before GIBSON, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

On August 7, 1978, appellant was ordered to show cause within fifteen days why this appeal should not be dismissed for want of jurisdiction. When no response was filed in the required period, the appeal was dismissed on August 28, 1978.

It now appears that appellant, who is proceeding *pro se,* responded to the order to show cause on August 11, 1978. Rather than filing his response in the office of the Clerk of the United States Court of Appeals for the Eighth Circuit in St. Louis, Missouri, however, he sent it to United States Circuit Judge Gerald W. Heaney in Duluth, Minnesota. Judge Heaney promptly forwarded appellant's papers to the clerk's office, but

there they were mistaken for copies of previous papers. Following the dismissal of his appeal for failure to respond to the order to show cause, appellant informed the court that he had submitted a response. In order to ensure that appellant's appeal is given fair consideration, we will recall the mandate and examine anew the merits of the appeal.

In his complaint, appellant asserted that the court had jurisdiction under 28 U.S.C. §§ 1332 and 1343. The district court dismissed the action for want of jurisdiction. Appellant now concedes the lack of diversity jurisdiction under section 1332, but urges that jurisdiction under section 1343 be sustained based on his claims arising under 42 U.S.C. §§ 1983 and 1985.

The complaint, however, fails to state a claim under either section 1983 or 1985. By its terms, section 1983 requires that the defendant have acted under color of state law. The defendants named in the complaint are three private companies, none of whom could have acted under color of state law. Appellant contends that the state action requirement was met by two attorneys, whom he sought to have added as defendants in the district court. Their addition to the lawsuit, however, would not have staved off dismissal, for the conduct of counsel in representing clients does not constitute action under color of state law. *Glasspoole v. Albertson,* 491 F.2d 1090, 1091 (8th Cir. 1974).

Section 1985, on the other hand, does not require state action. However, it does demand allegations of racial or other class-based hostility. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Such allegations are lacking here.

Accordingly, the appeal is dismissed as frivolous. The mandate previously issued is recalled, and a new mandate will issue in accordance with this order.