George D. LAMB, Plaintiff,

v.

FARMERS INSURANCE COMPANY, etc. et al., Defendants.

No. 79–573–C(3).

United States District Court, E. D. Missouri, E. D.

Sept. 19, 1979.

George D. Lamb, pro se.

Carter, Brinker, Doyen & Kovacs, Daniel E. Wilke, Clayton, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on defendants' motion to dismiss. The Court takes judicial notice of the fact that this action is the fourth which plaintiff has filed in this Court against defendant Farmers Insurance Company, Inc., and various other defendants. Plaintiff has alleged numerous wrongs arising from his involvement in an automobile accident in December, 1970, and from defendants' handling of plaintiff's insurance coverage.

Plaintiff's first action, *Lamb v. Farmers Insurance Company, Inc.,* No. 77–486C(A), was essentially an action for breach of contract and was dismissed without prejudice for want of the jurisdictional amount in controversy. Plaintiff's second action, *Lamb v. Farmers Insurance Company, Inc.,* No. 77–698C(A), was also dismissed for lack of the jurisdictional amount, after plaintiff's prayer for $75,000 punitive damages was stricken from the complaint.

Plaintiff's third action, *Lamb v. Farmers Insurance Company, Inc., et al.,* No. 78–453C(2), was dismissed for lack of diversity and for lack of allegations of state action to support jurisdiction under 28 U.S.C. § 1343. Plaintiff appealed this dismissal to the Court of Appeals, which affirmed, 586 F.2d 96 (8th Cir. 1978). The Court of Appeals found that none of the defendants "could have acted under color of state law," as required for jurisdiction of claims arising under 42 U.S.C. § 1983. The Court also held that plaintiff's claim under 42 U.S.C. § 1985 fell for lack of allegations of racial or class-based hostility.

In the instant case, plaintiff has alleged jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1332 and 42 U.S.C. § 1985. Plaintiff's claim of federal question jurisdiction is based on alleged deprivations of his constitutional rights by the defendant insurance company and its agents. The issue of the requisite state action, however, is *res judicata* in this Court; the degree of state involvement required for jurisdiction under 28 U.S.C. § 1343 is at least as great

**128**

as that which must be established to show a violation of the Fourteenth Amendment. *Parish v. National Collegiate Athletic Association,* 506 F.2d 1028, 1031 n.6 (5th Cir. 1975); *Lavoie v. Bigwood,* 457 F.2d 7, 15 (1st Cir. 1972). Plaintiff's claim under § 1985 falls again, for the reason stated by the Court of Appeals.

 With regard to plaintiff's other claims, none of which sound in contract, the Court gives due consideration to the fact that plaintiff's complaint was filed pro se, but the Court must also consider the limitations periods prescribed for plaintiff's various claims by Missouri law. The longest such period is five years. Plaintiff filed his complaint on May 16, 1979, and it does not appear that any of plaintiff's claims accrued within the preceding five year period. Plaintiff's claims are therefore barred by the statutes of limitations.