AUTOMOBILE CLUB OF MICHIGAN,
a/k/a AAA, and Automobile Club
Insurance Association, Plaintiffs,

v.

Honorable Judge Michael STACEY, acting in his official capacity as Wayne County Circuit Judge for the State of Michigan, Defendant.

No. 90–CV–71427–DT.

United States District Court,
E.D. Michigan, S.D.

Nov. 8, 1990.

John C. O'Meara, Detroit, Mich., for plaintiffs.

Morton H. Collins, Southfield, Mich., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

HACKETT, District Judge.

Plaintiffs brought this claim for declaratory and injunctive relief premised on 42 U.S.C. § 1983, contending that defendant Judge Stacey, acting in his official capacity and under color of the laws of the state of Michigan, acted to deprive them of their federally protected rights under the National Labor Relations Act (NLRA). The federally protected right which plaintiffs assert is the "right to resort to economic weapons in the collective bargaining process" and "to be free from state interference in all matters relating to the use of economic weapons in labor disputes subject to federal law."

### BACKGROUND

William Bullock had instituted an action in the Wayne County Circuit Court against plaintiffs in this case, *Bullock v. AAA*, Wayne County Civil Docket No. 82–226–217–CK. In that action, Bullock pursued state law claims for breach of contract, promissory estoppel, unjust enrichment, conversion and age discrimination in violation of state law. AAA brought a motion to dismiss before defendant Judge Stacey, asserting that Bullock's claims were preempted by federal labor law and that the state court had no jurisdiction over the matter. Defendant Judge Stacey denied the motion and AAA appealed. The Michigan Court of Appeals and the Michigan Supreme Court upheld Judge Stacey finding that Bullock's claims were not preempted by federal labor law. *Bullock v. Automobile Club of Michigan*, 432 Mich. 472, 444 N.W.2d 114 (1989). AAA then applied for certiorari to the United States Supreme Court. Certiorari was denied, —— U.S. ——, 110 S.Ct. 1118, 107 L.Ed.2d 1024 (1990), *rehearing denied*, —— U.S. ——, 110 S.Ct. 1840, 108 L.Ed.2d 968 (1990).

Plaintiffs filed suit seeking to have this court declare that Judge Stacey's failure to dismiss this case deprived them of their

federal rights under the NLRA, thus implicating § 1983; declare that Bullock's claims are preempted by federal labor law; direct Judge Stacey to dismiss the case based on the state court's lack of jurisdiction; grant plaintiffs a preliminary and permanent injunction enjoining Judge Stacey from violating plaintiffs' federal labor law rights; and award plaintiffs costs and attorney's fees. In their brief in opposition to defendant's motion to dismiss, plaintiffs have voluntarily withdrawn their "boilerplate request" for costs and attorney's fees.

Defendant points out that there are 33 cases similar to Bullock's currently pending in the state court system. Plaintiffs have also filed a Motion for Superintending Control with the Michigan Court of Appeals, seeking a stay in all 33 cases pending the resolution of a new group of five wrongful discharge cases by the Michigan Supreme Court. Defendant notes that plaintiffs seek to adversely affect Bullock and the 32 other plaintiffs without joining any one of them in the litigation in this court.

## DISCUSSION

Defendant has filed a motion to dismiss raising several grounds in support of dismissal. The first of these grounds is that this court lacks subject matter jurisdiction over the case on the basis of the *Rooker/Feldman* doctrine, which provides that federal district courts have no authority to review the final judgments of a state court. In support of this contention, defendant cites the two United States Supreme Court decisions from which the doctrine takes its name and cases from other circuits applying the doctrine.

Plaintiffs argue that this court does have jurisdiction over the case, pointing out that neither of the Supreme Court cases involves a § 1983 claim. Plaintiffs also assert that they are not seeking to have this court exercise appellate jurisdiction over the Michigan Supreme Court, but are pursuing an independent § 1983 action in order to redress violations of federal law by the Michigan Courts.

The *Rooker/Feldman* doctrine takes its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The doctrine provides that review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court and that federal district courts do not have the authority to review final judgments of a state court in judicial proceedings. In *Feldman, supra,* the Court held that, to the extent that appellee's sought appeal of the District of Columbia court's decision in the federal district court, the federal district court lacked subject matter jurisdiction over the case. 460 U.S. at 482, 103 S.Ct. at 1315. The Court stated that federal district courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court. 28 U.S.C. § 1257." 460 U.S. at 486, 103 S.Ct. at 1317. The Court further stated that "[i]f the constitutional claims presented to a United States district court are inextricably intertwined with the state-court's denial in a judicial proceeding of a particular plaintiff's application ... then the district court is in essence being called upon to review the state court decision. This the district court may not do." 460 U.S. at 483, n. 16, 103 S.Ct. at 1315, n. 16.

Plaintiffs contend that they are not seeking an appellate review of the Michigan Supreme Court's decision, but rather, are pursuing an independent § 1983 action based on ongoing violations of federal law by the Michigan courts. Plaintiffs' assertions are not, however, consistent with the relief sought by their complaint. In the complaint, plaintiffs seek to have this court declare that Judge Stacey's failure to dismiss the *Bullock* case violated plaintiffs' rights secured by federal law and that Bullock's claims are preempted by federal law. This requested relief would take this court squarely into appellate review, not only of

Judge Stacey's initial decision, but also the Michigan Supreme Court's decision affirming Judge Stacey. Plaintiffs further seek this court to direct Judge Stacey to dismiss Bullock's case and to enjoin Judge Stacey from violating plaintiffs' federal labor law rights.

Plaintiffs are not seeking to collaterally attack the state court judgment for lack of jurisdiction. It is uncontested that the state courts possess jurisdiction to determine whether state law claims are preempted by federal labor law.[1] Plaintiffs are seeking to enjoin the enforcement of a state court decision based on their contention that the state court reached an incorrect decision on a question of federal law.[2] Plaintiffs' request relates specifically to the underlying *Bullock* case, and is, therefore, "inextricably intertwined" with the state court's judicial proceeding. This is the essence of appellate review. This type of appellate review is reserved exclusively to the United States Supreme Court.

Plaintiffs further argue that because of the statutory amendments eliminating appeal of right to the United States Supreme Court, section 1983 actions brought in the lower federal courts are the only means of protecting federal rights from state interference. Plaintiffs argue that federal courts must be available to hear these cases. Plaintiffs appear to be implying that because *Rooker/Feldman* has its roots in 28 U.S.C. § 1257, the amendment of the statute eliminating the appeal of right also eliminates *Rooker/Feldman*.

The statute governing appeal of state court decisions, 28 U.S.C. § 1257, currently provides:

(a) Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn into question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

Prior to this amendment, which became effective in September, 1988, the statute provided for appeal of right in cases where state courts rejected claims that the application of state law was barred on federal grounds.

Plaintiffs assert that because they no longer possess an appeal of right to the Supreme Court, federal district courts must review cases such as theirs in order that federal courts have the "last say" on interpretation of federal law. This position is not supported by the plain language of the amended statute, which provides only that all appeals from state court decisions will be by certiorari. Further, the legislative history of the amendment does not support plaintiffs' argument and, in fact, militates against it.

---

1. A state court has jurisdiction based on state law and a federal preemption defense. *Atlantic Coast Line Railroad Co. v. Locomotive Engineers*, 398 U.S. 281, 295, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970) (citing *Railroad Trainmen v. Jacksonville Terminal Co.*, 394 U.S. 369, 375–77, 390, 89 S.Ct. 1109, 1113–15, 1122, 22 L.Ed.2d 344 (1969)). "[W]hen a state court proceeding presents a federal issue, even a preemption issue, the proper course is to seek resolution in the state court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149–50, 108 S.Ct. 1684, 1691, 100 L.Ed.2d 127 (1988).

2. Plaintiffs argue that federal courts are not required to defer to state courts when a federal right is at stake. Plaintiffs assert that state courts are not as competent as the federal courts to resolve federal law issues due to the fact that they are not as "well-versed" in federal labor law. This argument ignores the basic fact that federal districts decide only whether or not federal labor law preemption exists in a case. If the case is preempted, the federal district court is ousted from jurisdiction in the identical manner that a state court would be. Appeals from decisions of the National Labor Relations Board (NLRB) proceed directly to the circuit courts of appeal. 29 U.S.C. §§ 151–169. Federal district courts, therefore, possess the identical jurisdiction of the state courts in labor preemption cases and would, therefore, appear to possess an identical expertise.

The legislative history shows that one of the congressional concerns prompting amendment was the effect of an increased workload on the finite resources of the Supreme Court. This was not, however, the only congressional consideration behind the amendment. Congress noted that the old statute was based, in part, on doubts that the state courts could properly interpret the United States Constitution and laws. In amending this statute, Congress specifically found that this distrust was misplaced and that interpretation of federal laws by state courts is well within their competence.

> The apparent reason for authorizing such appeals is to assure supremacy and uniformity of Federal law. Perpetuation of a mandated system of appellate review represents an unfortunate and erroneous view of the sensitivity of State courts to constitutional issues. To the extent that issues of paramount Federal importance are raised by State court decisions the Supreme Court is capable of picking these cases through the discretionary or certiorari review mechanism. As the Department of Justice study committee aptly observed: "This residue of implicit distrust has no place in our federal system."

H.REP. NO. 100–660, 100th Cong., 2d Sess. 7, *reprinted in,* 1988 U.S.CODE CONG. & ADMIN.NEWS 766, 772 (citations omitted).

Clearly, Congress did not intend that federal district courts "fill in the gap" of federal review. Congress recognized the authority and competency of state courts to render decisions on federal law, with the Supreme Court empowered to review those decisions which, in their discretion, present important federal issues. Thus, it does not appear that the amendment to 28 U.S.C. § 1257 negates in any way the validity of *Rooker/Feldman,* or authorizes federal district courts to exercise appellate review of state court decisions. That function still rests firmly and exclusively with the United States Supreme Court.

Plaintiffs, relying on the reasoning in *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), also argue that *Rooker/Feldman* is inapplicable to § 1983 actions. Plaintiffs assert that the cases cited by defendant from other circuits applying *Rooker/Feldman* to § 1983 claims, do not contain sufficient analysis of the issue. Plaintiffs also note that defendant did not cite any Sixth Circuit cases. Plaintiffs' argument is without merit. *Mitchum* is inapplicable and the Sixth Circuit has applied *Rooker/Feldman* to § 1983 claims.

In *Mitchum,* the Supreme Court held that § 1983 is an exception to the Anti–Injunction Act, 28 U.S.C. § 2283. The Anti–Injunction Act generally prohibits federal courts from enjoining state court proceedings. There are however enumerated statutory exceptions to this general rule, one of them being when an exception is expressly authorized by Congress. The Court, in *Mitchum,* found that § 1983 constituted an express authorization by Congress and was, therefore, an exception to the Anti–Injunction Act.

Plaintiffs contend that if *Rooker/Feldman* applied to § 1983 claims, federal courts would still be precluded from enjoining any state court proceedings in contravention of *Mitchum.* Plaintiffs fail to account for the fact that not every request to enjoin state court proceedings is of the character of their request, which is an attempt to secure appellate review over a final decision of the state court. Many requests for injunctions are made prior to final decisions of the lower state court or prior to a final decision by the state's highest court. Many others do not seek federal district court appellate review. *Rooker/Feldman* is not applicable to those types of requests for injunctive relief. Therefore, application of the doctrine does not destroy the ability of the federal court, in appropriate situations, to enjoin state court proceedings. This case, however, does not present the appropriate situation.

The court also must find that *Mitchum* is inapplicable to this case because the Supreme Court itself severely restricted the application of that decision.

> Today we decide *only* that the District Court in this case was in error in holding that, because of the anti-injunction stat-

ute, it was absolutely without power in this § 1983 action to enjoin a proceeding pending in a state court under any circumstances whatsoever.

407 U.S. at 243, 92 S.Ct. at 2162 (emphasis added).

The Court also noted that the decision did not "question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Id.* Therefore, other doctrines, including *Younger* abstention, retain life post-*Mitchum,* and *Mitchum* is limited in application to the Anti–Injunction Act.

Plaintiffs fail to note that *Rooker/Feldman* is not based on federalism grounds such as comity or in statutory provisions such as the Anti–Injunction Act, which demonstrate that the federal system is reluctant to interfere in state court judicial proceedings. Rather, the roots of *Rooker/Feldman,* are found in 28 U.S.C. § 1257. *Rooker/Feldman* construes this statute as barring direct review in lower federal courts of a decision reached by the highest state court since that function rests solely in the United States Supreme Court. *ASARCO Inc. v. Kadish,* 490 U.S. 605, 109 S.Ct. 2037, 2039, 104 L.Ed.2d 696 (1989). It is, therefore, not a doctrine related to comity concerns, but to the proper roles of the Supreme Court and the lower federal courts within the federal court system. Federal district courts are courts of original jurisdiction and do not exercise appellate review of state court decisions simply because the United States Supreme Court has declined to exercise its power of review.

Plaintiffs' argument that *Rooker/Feldman* is inapplicable to § 1983 cases must also fail for the reason that the Sixth Circuit has squarely applied it in that context. In *In re Sun Valley Foods Co.,* 801 F.2d 186 (6th Cir.1986), summary judgement had been entered against the appellant, Sun Valley, in a case in the Wayne County Circuit Court. Appellant then appealed to the Michigan Court of Appeals, which affirmed the decision of the trial court. The Michigan Supreme Court sub-

sequently denied appellant's leave to appeal. Appellant then filed suit in the federal district court, naming as defendants the Wayne County Sheriff; four Michigan Supreme Court Justices; the Michigan Court of Appeals panel; and the Wayne County Circuit Court Judge. In that suit, appellant claimed that defendants' actions deprived it of constitutional rights in violation of § 1983. The federal district court dismissed the case, and the Court of Appeals affirmed.

The Sixth Circuit stated that *"prior to determining the validity of Sun Valley's § 1983 claim,* we must first clear the jurisdictional hurdle present in this case and determine whether the district court had the authority to review Sun Valley's substantive arguments. We hold that it did not." 801 F.2d at 188–89 (emphasis added). The Sixth Circuit set out the basis and reasoning for this ruling.

Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 1311–12, 75 L.Ed.2d 206 (1983). *See* 28 U.S.C. § 1257. *See also Atlantic Coast Line Railroad Co. v. Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1747–48, 26 L.Ed.2d 234 (1970); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). A United States district court "has no authority to review final judgments of a state court in judicial proceedings." *Feldman,* 460 U.S. at 482, 103 S.Ct. at 1315. This is true, even though the state court judgment may have been erroneous. (Citations omitted).

There is, however, an exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings. A federal court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake. . . ." *Resolute Insurance Co. v. State of North Carolina,* 397 F.2d 586, 589 (4th Cir.1968). The district court below stated: "there has been no evidence . . . [of] facts such as

fraud, accident or mistake which … deceived the Court into a wrong decree.…"

801 F.2d at 189.

The court affirmed the district court's dismissal of the section 1983 claim against the state officials. In a footnote to this section, the court noted that the correct appeal would have been to the United States Supreme Court. *Id.* n. 7.

In summary, *Rooker/Feldman* is applicable to § 1983 actions. Plaintiffs have not alleged any fraud, deception, accident or mistake in the procuring of the state court judgment. They allege only that it is erroneous. All of the relief plaintiffs seek in this case would require this court to evaluate the merits of the state courts' decisions on the issue of preemption. This is the essence of appellate review and is the exclusive province of the United States Supreme Court. Because the Supreme Court has declined to review this case, the matter is now at an end.

Defendant has also raised several other grounds in support of the motion to dismiss. These include the Eleventh Amendment, judicial immunity, collateral estoppel and abstention. Because this court lacks subject matter jurisdiction over this case, these other grounds will not be addressed. Accordingly,

IT IS ORDERED that defendant's motion to dismiss hereby is GRANTED.