**Brad A. TIDIK, Plaintiff,**

v.

Gerhard **RITSEMA,** Director, **Wayne County Friend of the Court, Richard C. Kaufman, Lynn Watson, Court Clerk, 3rd Circuit Court, John Lemire, Referee, Friend of the Court, David March, Staff Attorney, Friend of the Court, David Manville, Social Worker, Friend of the Court, Paul A. Longton, Lisa Tidik,**

Theadora Smith, George Smith, Amy Smith, Carol Watson, Grosse Ile Township, Maurice Stevens, Chief of Police, Grosse Ile Police Department, Charles Coman, John Does # 1–12, Grosse Ile Township Police Officers, Defendants.

Civil No. 96–40094.

United States District Court,
E.D. Michigan,
Southern Division.

July 12, 1996.

Robert G. Squiers, Jr., Matthew A. Seward, Garan, Lucow, Miller, Seward, Cooper & Becker, Detroit, MI, for Charles Coman.

Amy Smith, Grosse Ile, MI, for Amy Smith.

Lisa A. Tidik, Grosse Ile, MI, for Lisa A. Tidik.

Paul A. Longton, Wyandotte, MI, for Paul A. Longton.

Michelle M. Rick, Michigan Department of Attorney General, Tort Defense Division, Lansing, MI, for David Manville.

Jennifer M. Granholm, Nancy M. Rade, Wayne County Corporation Counsel, Detroit, MI, for Lynn Watson.

Barbara H. Goldman, Brian D. Einhorn, Collins, Einhorn, Farrell & Ulanoff, P.C., Southfield, MI, for Richard C. Kaufman.

Brad A. Tidik, Grosse Ile, MI, for Brad A. Tidik.

## ORDER GRANTING DEFENDANTS' REQUEST FOR DISMISSAL OF PLAINTIFF'S SECTION 1983 COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

GADOLA, District Judge.

On January 25, 1996, the plaintiff, Brad Tidik, filed this complaint against the defendants pursuant to 42 U.S.C. § 1983 and the United States Constitution. The plaintiff previously filed a similar complaint on November 16, 1995, which was dismissed by this court on December 22, 1995. In response to this second complaint, defendants Richard Kaufman, Gerhard Ritsema, Lynn Watson, John Lemire, David March and David Manville have filed a motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), or alternatively, for dismissal, pursuant to 12(b)(6). Defendant Kaufman has also filed a motion seeking an order enjoining the plaintiff from filing any further actions relating to the disposition or enforcement of his 1995 divorce action. Upon review of the submissions, this court has determined that oral argument is not necessary to the determination of the issues presented. Local Rule 7.1(e)(2) (E.D.Mich., Jan. 1992). For the reasons stated below, this court will grant the defendants' motion for dismissal.

### I. Factual Background

The facts underlying the plaintiff's complaint are fairly straightforward. The plaintiff was the plaintiff in a divorce action in Wayne County Circuit Court, case number 95–502349–DM. The plaintiff filed that action against defendant Lisa Tidik, who was represented by defendant Paul A. Longton. Defendant Judge Kaufman presided at that

trial and issued a final Judgment of Divorce on September 28, 1995.

As part of the divorce decree, Judge Kaufman included a provision requiring that the plaintiff post a bond with each motion filed with the court as security against costs or sanctions potentially awardable under Michigan Court Rule 2.114(E). This was due to plaintiff's filing of numerous motions during the course of his divorce proceedings.

The plaintiff alleges that he has a constitutional right to visit his children, and that that right has been consistently violated by all the defendants. These violations allegedly began on July 3, 1995, when defendant Lisa Tidik, his wife, did not allow the plaintiff to see the children during an alleged planned association. The plaintiff claims that similar incidents occurred on July 16, 18, 28, 30, and on August 13, 20 and 24 of 1995. The plaintiff alleges that during several of these incidents, he was told to leave defendant Lisa Tidik's residence under threat of arrest by Gross Ile Township police officers. The plaintiff argues that the police officers refused to arrest defendants Lisa Tidik, George and Theadora Smith, or recognize his right to visit, and did not willingly release information to the plaintiff. Defendants George, Theadora and Amy Smith, were allegedly involved in hiding the children from the plaintiff and interfering with his right to visitation.

The complaint alleges that all defendants are involved in a complex conspiracy to violate his rights to visit his children. However, the plaintiff's lengthy complaint fails to reveal any specific examples supporting the conspiracy allegation, or that any constitutional rights were violated. The plaintiff accuses defendants Judge Kaufman and Court Clerk Lynn Watson of refusing to docket or hear his motions, and of holding hearings without the plaintiff's presence. Defendant Paul Longton allegedly violated the plaintiff's rights by drafting the motion provision for defendant Kaufman's signature. Finally, regarding Wayne County Friend of the Court officials, defendants Gerhard Ritsema, David March, David Manville and John Lemire, the plaintiff alleges these individuals, as non-judicial authorities, conducted proceedings and drafted orders violating his constitutional right to visit his children. The plaintiff claims these constitutional violations continue to this very day.

The record indicates that the plaintiff filed a claim of appeal with the Michigan Court of Appeals on October 25, 1995, and that appeal was docketed as number 189891. The record further indicates that the plaintiff has filed several motions with the Michigan Court of Appeals, including a motion seeking disqualification of Judge Kaufman which was denied.

## II. Standard of Review

■■■ Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint which fails "to state a claim upon which relief may be granted." This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true. Under this standard, a complaint should be dismissed only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). To apply this standard, the court must presume all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. *Id.* The court need not, however, accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 629 (9th Cir.1980); *Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429, 432 (7th Cir.1978); *Sexton v. Barry,* 233 F.2d 220, 223 (6th Cir.1956). Accordingly, to determine whether a complaint should be dismissed for failure to state a claim under Rule 12(b)(6), this court must examine the applicable substantive law and the facts alleged in the plaintiff's complaint.

## III. Discussion

■■■ Review of the submissions and the relevant authorities demonstrates that dismissal of the plaintiff's complaint is warranted under Rule 12(b)(6) because it fails to state a claim under section 1983 against any

of the defendants.[1] This court will address the various claims seriatim.

## A. Absolute Immunity

■ On December 22, 1995, this court dismissed plaintiff's first action against defendant Judge Kaufman based on the doctrine of absolute immunity. (*Tidik v. Kaufman*, 95–CV–40414, E.D.Mich., 1995). For the very same reason, plaintiff's second action is also dismissed. The doctrine of absolute immunity of judges for acts committed within the judicial jurisdiction is a firmly established principle of common law and section 1983 litigation. *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed 646 (1872); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

■ This immunity serves to preserve the autonomy and independence of the judiciary "without which no judiciary can either be respectable or useful." *Bradley* at 346, 20 L.Ed 646. The only instance where a judge may be stripped of this protection is for an act taken in "the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1105 (1978). Otherwise, a judge, enjoys absolute immunity, "even where the exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359, 98 S.Ct. at 1106. *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988) (concluding that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive.") This immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

■ What constitutes a judicial act for the purposes of immunity is determined by "whether it is a function normally performed by a judge" and whether the parties understood that they were dealing with the judge "in his judicial capacity." *Stump*, 435 U.S. at 357, 362, 98 S.Ct. at 1105, 1107–08. The record here clearly indicates that Judge Kaufman was acting in his judicial capacity at all times during the plaintiff's divorce proceedings, including the Motion Practice provision in the divorce judgment. Therefore, Judge Kaufman is absolutely immune from any suit for damages under section 1983 and the plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding that dismissal is required if the allegations of the complaint demonstrate that the defendant official had absolute immunity from the claim); *Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir.1986) (declaring frivolous a husband's 1983 action against a state judge because at all times that judge was acting within the scope of his judicial duties in a divorce action, and thus, was absolutely immune); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986) (same).

■ Similarly, defendants Lynn Watson, Ritsema, March, Manville and Lemire also qualify for absolute immunity. The doctrine of absolute judicial immunity is extended to persons whose duties are essentially adjudicative or prosecutorial in nature. *Watts v. Burkhart*, 978 F.2d 269, 274 (6th Cir.1992) (extending absolute immunity to medical board examiners) (citing rational of *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)).

■ The immunity of participants in the judicial process stems from specific characteristics of the process itself. *Watts*, 978 F.2d at 273 (citing *Butz*, 438 U.S. at 512, 98 S.Ct. at 2913–14). For instance, "[t]he controversies with which the process deals are often intense, and the loser, given an opportunity to do so, will frequently charge the participants in the process with unconstitu-

---

1. Although defendants Tidik, Longton, Theadora Smith, George Smith, Amy Smith, Carol Watson, Stevens, Coman and Gross Ile Township have not filed motions requesting dismissal pursuant to Rule 12(b)(6), this court has authority to raise these issues sua sponte. *See McKinney v. Oklahoma Dept. of Human Services*, 925 F.2d 363, 365 (10th Cir.1991) (upholding a district court's sua sponte dismissal because it was patently ob-

vious that no claim was stated in the complaint and no amendment could cure the defect); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1987) (upholding sua sponte dismissal of § 1983 claim because defendants were absolutely immune from suit). *Cf. United Brotherhood of Carpenters & Joiners of America v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550 (6th Cir.1991).

tional animus ..." *Id.* at 273. Therefore, "[a]bsolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz,* 438 U.S. at 512, 98 S.Ct. at 2913. Under these standards, defendants Lynn Watson, court clerk for the 3rd circuit court, John Lemire, Referee for Friend of the Court, and David March, staff attorney for Friend of the Court, are immune from suit. Their duties clearly qualify as adjudicative or prosecutorial.

 Likewise, it is settled that social workers and their supervisors who work in conjunction with the courts regarding child neglect and delinquency proceedings are absolutely immune from suit. *Kurzawa v. Mueller,* 732 F.2d 1456, 1458 (6th Cir.1984) (extending absolute immunity to three Michigan Department of Social Services employees, and a psychiatrist, psychologist and an attorney). This level of immunity allows the tasks necessary to protect children be done "without the worry of intimidation and harassment from dissatisfied parents." *Salyer v. Patrick,* 874 F.2d 374, 378 (6th Cir. 1989) (citing *Kurzawa, Id.*). Accordingly, defendant social worker David Manville, is entitled to perform his duties without harassment or the threat of vexatious litigation. The same is true for Gerhard Ritsema, Director of Wayne County Friend of the Court and chief overseer of a department responsible for the well-being of children and families. For these reasons, plaintiff's complaint against defendants Watson, Lemire, Manville, March and Ritsema will be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### B. Qualified Immunity

 Even if this court concluded that defendants Manville, Lemire, Ritsema, March and Watson were not absolutely immune from suit, the plaintiff's action against them would fail because these defendants would nonetheless be entitled to qualified immunity. State officials are protected from liability when, acting in good faith, they perform discretionary functions, so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Poe v. Haydon,* 853 F.2d 418, 423 (6th Cir.1988) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).

 Qualified immunity is not merely a defense to the merits of a case, but rather an "entitlement not to stand trial or face the other burdens of litigation conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2815. To prevail in this action, the plaintiff "must be able to present material facts, with particularity, on which he contends he can establish a right to recovery." To overcome a claim of qualified immunity under section 1983, the plaintiff must show a violation of a constitutionally protected right, and that the protected right is so clearly established that "a reasonable official would understand that what he is doing violates that right." *Brennan v. Township of Northville,* 78 F.3d 1152, 1154 (6th Cir.1996) (citing *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)).

 In this case, the plaintiff has failed to meet this initial burden. In order to demonstrate that these defendants violated a clearly established constitutional right the plaintiff must necessarily challenge the constitutionality of the state court divorce ruling. This court does not have the authority, however, to review the constitutionality of a final state court judgment. Under the *Rooker–Feldman* doctrine, federal review of state court judgments is strictly limited. The Sixth Circuit in *In re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir.1986) stated that under the *Rooker–Feldman* doctrine:

> [review] of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 [103 S.Ct. 1303, 1311–12, 75 L.Ed.2d 206] (1983). *See* 28 U.S.C. § 1257. *See also Atlantic Coast Line Railroad Co. v. Locomotive Engineers,* 398 U.S. 281, 296 [90 S.Ct. 1739,

1747–48, 26 L.Ed.2d 234] (1970); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 [44 S.Ct. 149, 150, 68 L.Ed. 362] (1923). A United States district court "has no authority to review final judgments of a state court in judicial proceedings." *Feldman,* 460 U.S. at 482 [103 S.Ct. at 1314–15]. This is true, even though the state court judgment may have been erroneous. *Texaco Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1142 (2d Cir.1986).

*Id.* (some citations omitted). Here, the plaintiff is attempting to attack the decision of the 3rd Circuit Court in this court by alleging federal civil rights and constitutional violations.

The plaintiff claims that the defendants have conspired to deprive him of his right to association with his children by their actions during the divorce proceedings in violation of the 5th, 9th and 14th Amendments of the United States Constitution, and 42 U.S.C. §§ 1983, 1985 and 1986. In reality, the plaintiff is asking "this court to evaluate the merits of the state court's decisions ... This is the essence of appellate review and is the exclusive province of the United States Supreme Court." *Automobile Club of Michigan v. Stacey,* 750 F.Supp. 259, 264 (E.D.Mich.1990) (court finds no jurisdiction over section 1983 claim against state judge based upon judge's decisions in state court action). Accordingly, under the *Rooker–Feldman* doctrine, this court lacks subject matter jurisdiction to consider the plaintiff's attack upon the state court's judgment. The plaintiff's only remedy for these alleged constitutional deprivations is an appeal to the Michigan Court of Appeals. He is not entitled to assert a claim under section 1983 alleging a deprivation of constitutional rights by the state court judgment. Accordingly, he cannot overcome qualified immunity and his action must fail.

■ Similarly, the complaints against Maurice Stevens, Charles Coman, and the 12 "John Doe" Gross Ile Township police officers must fail. Under the standards articulated above, these defendants are entitled to qualified immunity from these claims. The plaintiff has utterly failed to submit any evidence demonstrating how any of these defendants have violated any clearly established constitutional rights, except those rights implicated by the state court divorce decree. Therefore, this court is without jurisdiction to consider these "constitutional" claims against the defendants and plaintiff's action must be dismissed.

■ Finally, the plaintiff's complaint against Gross Ile Township must also be dismissed. A municipality may be liable as a "person" under section 1983. Such liability is, however, limited. *Monell v. New York Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "A municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under section 1983 on a *respondeat superior* theory." *Id.* at 691, 98 S.Ct. at 2036. Instead, liability is incurred only if "action pursuant to official municipal policy of some nature caused a constitutional tort." *Pembaur v. Cincinnati,* 475 U.S. 469, 477, 106 S.Ct. 1292, 1297, 89 L.Ed.2d 452 (1986) (quoting *Monell,* 436 U.S. at 691, 98 S.Ct. at 2036); *Alioto v. City of Shively,* 835 F.2d 1173, 1175 (6th Cir.1987). A policy need not be an official order from a legislative body or agency to justify liability under section 1983. *Id.* at 480, 106 S.Ct. at 1298–99. Furthermore, liability may be based on a custom of the city, even if not officially approved by the municipality, or a policy of inadequate training or supervision. *Id.* at 481–82 n. 10, 106 S.Ct. at 1299 n. 10; *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

■ Here, the complaint vaguely alleges that Gross Ile Township has a policy or custom of violating the plaintiff's constitutional right to associate with his children. The plaintiff claims that the several incidents where Gross Ile Township police officers responded to defendant Lisa Tidik's and defendants George and Theadora Smith's calls for assistance resulted in a township policy that violates the plaintiff's constitutional rights. This allegation is meritless. First, the police have not violated any constitutional rights of the plaintiff that may be reviewed by this court. Without a predicate violation of a constitutional right by an officer or agent, there can be no municipal liability under

section 1983. Second, the plaintiff has failed to allege a custom or policy sufficient to support liability under section 1983. All of the plaintiff's confrontations with Gross Ile police officers arise out of the plaintiff's dissatisfaction with his divorce. Even if this court could find that violations did exist, several incidents of misconduct do not prove the existence of an unconstitutional custom or policy. *Carter v. District of Columbia,* 795 F.2d 116, 124 (D.C.Cir.1986); *Hamilton v. Rodgers,* 791 F.2d 439, 443 (5th Cir.1986). The plaintiff has simply failed to sufficiently allege that the actions of the Gross Ile Township police officers were taken pursuant to a township policy or custom of violating the plaintiff's rights. For these reasons, the plaintiff's complaint against Gross Ile Township must be dismissed.

## C. Non–State Actors

■ This court must dismiss plaintiff's complaint against defendants Longton, Tidik, Theadora Smith, George Smith, Amy Smith and Carol Watson under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted. A prima facie case under section 1983 requires a plaintiff to adduce facts that demonstrate the alleged violation or deprivation of constitutional rights was committed by an individual acting "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory." 42 U.S.C. § 1983. Once again, the plaintiff fails to demonstrate how any of these defendants acted under the color of state authority.

■ Plaintiff alleges that defendant attorney Paul Longton prepared unconstitutional documents violating plaintiff's rights (i.e. the Motion Practice provision), and that Longton conspired with other named defendants to deprive him of rights to visit his children. This is insufficient to demonstrate that Longton acted under color of state authority. There is a strong consensus among the circuit courts that private attorneys representing their clients are not considered to act under color of state authority for purposes of section 1983 merely because they are officers of the court. *Henderson v. Fisher,* 631 F.2d 1115, 1119 (3rd Cir.1980); *Lamb*

*v. Farmers Ins. Co.,* 586 F.2d 96, 97 (8th Cir.1978); *Briley v. California,* 564 F.2d 849, 855 (9th Cir.1977); *Jones v. Jones,* 410 F.2d 365, 366 (7th Cir.1969); *Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir.1983); *Dahlberg v. Becker,* 748 F.2d 85, 92–93 (2d Cir. 1984). Accordingly, as a matter of law, defendant Longton cannot be found liable under section 1983 and plaintiff's complaint must be dismissed.

■ Dismissal of plaintiff's complaint against defendants Tidik and the Smith family is also warranted. The complaint asserts only that each defendant "acted independently and in concert with other defendants to violate and deny the plaintiff his constitutional rights." The plaintiff completely fails to state how the defendants' allegedly unconstitutional actions were committed under the color of state authority. In reality, there is no legal or factual support for that proposition. Defendant Tidik, as a private litigant in a divorce proceeding, was clearly a private actor. So to were defendants Theadora, George and Amy Smith, whose involvement was limited to that of family members. There simply is no argument to be made that these defendants, as private citizens, acted unconstitutionally under the color of state authority. Accordingly, plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## IV. Plaintiff's Motion to Amend

In response to the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the plaintiff has moved to amend his complaint pursuant to Rule 15(a). The plaintiff asserts that he has additional facts that "further state and reinforce" his claims and that there are additional parties to be joined as defendants in this suit. The plaintiff has not, however, submitted a proposed amended pleading to his motion as required under Local Rule 15.1.

■ Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given where justice so requires." In determining whether "justice so

requires" this court to grant a motion for leave to amend, this court enjoys broad discretion. *Hayden v. Ford Motor Company,* 497 F.2d 1292, 1294 (6th Cir.1974). Although Rule 15(a) articulates a fairly liberal standard for amendment, it does not require this court to indulge futile amendments. *DeLoach v. Woodley,* 405 F.2d 496, 496–97 (6th Cir.1968); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). If a proposed amendment would not withstand a motion to dismiss, leave to amend should be denied. *Keweenaw Bay Indian Community v. State of Michigan,* 11 F.3d 1341, 1348 (6th Cir.1993).

■ Given the generality of the plaintiff's motion to amend, it is difficult to evaluate the viability of the proposed amendments asserted by the plaintiff in his motion to amend. This court is satisfied upon review, however, that the plaintiff's proposed amendments would not survive a motion to dismiss under the Rule 12(b)(6) standard of review. As discussed above, this court is without jurisdiction to consider any section 1983 claims premised upon the alleged constitutional violations arising out of his 1995 divorce. Clearly, an amendment which merely seeks to add more facts or defendants cannot cure this fundamental defect in the plaintiff's complaint. The plaintiff's motion to amend must be denied as futile.

## V. Injunctive Relief

As indicated previously, defendant Kaufman has filed a motion to enjoin the plaintiff from filing any further actions relating to his 1995 divorce proceeding.[2] Although, defen-

**2.** Defendants Ritsema, Lynn Watson, Lemire, March and Manville have joined in this motion. Because this is the plaintiff's first action filed against these defendants this court does not find that injunctive relief is warranted at this time. Accordingly, the motion for injunctive relief will be denied as to defendants Ritsema, Watson, March and Manville.

**3.** Rule 11 provides in relevant part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the persons's knowledge, information, and be-

dant Kaufman does not rely directly on Rule 11 of the Federal Rules of Civil Procedure, it is clear from the authorities cited in his brief that his request for injunctive relief is premised on Rule 11. Accordingly, this court will review defendant Kaufman's request under the standards of Rule 11.

■ Federal Rule of Civil Procedure 11 imposes an affirmative duty upon any individual who signs a pleading, motion or other paper filed in federal court to conduct a reasonable inquiry into the issues presented in that filing to assure that the document is well grounded in fact, the positions taken are warranted by existing law or as good faith arguments for the extension or modification of existing law, and the document is not filed for an improper purpose, such as harassment. Fed.R.Civ.P. 11; *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor,* 875 F.2d 1224, 1229 (6th Cir.1989).[3] To determine whether Rule 11 has been violated, the court must assess whether the individual's conduct was objectively reasonable under the circumstances. *Business Guides v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 554, 111 S.Ct. 922, 934–35, 112 L.Ed.2d 1140 (1991); *Mann v. G & G Mfg., Inc.,* 900 F.2d 953, 958 (6th Cir.1990).

■ Sanctions pursuant to Rule 11 serve the dual purpose of deterring frivolous lawsuits and compensating those parties forced to defend such suits. The case law interpreting and the amendments to Rule 11 make clear that the primary purpose of the Rule is to deter baseless filings and curb abuses of the judicial system, not to reward parties who are victimized by litigation.

lief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery;

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). The Rule also provides that any sanctions imposed should be no more severe than is necessary to deter these abuses. *See* Fed.R.Civ.P. 11(c)(2); *Jackson*, 875 F.2d at 1229; *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). In fashioning an appropriate sanction, the court may consider past conduct of the individual responsible for violating Rule 11. *Kramer v. Tribe*, 156 F.R.D. 96, 104 (D.N.J.1994).

■ Rule 11 gives the court wide discretion in selecting an appropriate remedy, including the authority to issue directives of a nonmonetary nature. Fed.R.Civ.P. 11(c)(2). In determining whether to impose a sanction restricting a litigant's future access to the courts, courts in the Eastern District have adopted a five-factor test which considers:

(1) The litigant's history of litigation and in particular whether it entails vexatious, harassing or duplicative lawsuits;

(2) The litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?

(3) Whether the litigant is represented by counsel.

(4) Whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

(5) Whether other sanctions would be adequate to protect the courts and the other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Kersh v. Borden Chemical*, 689 F.Supp. 1442, 1450 (E.D.Mich.1988) (adopting the standard applied in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986)). Where the history of vexatious litigation is particularly odious, the traditional standards for injunctive relief do not apply and the court may impose injunctive sanctions without a request by an offended party. *Id.* at 1450 (citing *Matter of Hartford Textile Corp.*,

681 F.2d 895, 897 (2d Cir.1982)). Moreover, courts in the Eastern District have recognized that injunctive sanctions may be appropriate, even where the litigant has not been involved in multiple actions, where that litigation has been unusually protracted or burdensome, and the losing party simply refuses to bound by the outcome. *Michigan v. City of Allen Park*, 573 F.Supp. 1481, 1487 (E.D.Mich.1983). The injunction must, however, be sufficiently tailored to the vice so as not to infringe upon the litigator's right of access to the courts. *Kersh*, 689 F.Supp. at 1450.

■ This court finds that the previous conduct of the plaintiff clearly satisfies the standards for injunctive relief as to defendant Kaufman. As previously noted, this is the plaintiff's second action against defendant Kaufman in this court. The first complaint was dismissed by this court in December of 1995 based on the defendant's absolute immunity from suit. That dismissal stated unambiguously that defendant Kaufman was not subject to suit for any claims based upon acts taken in his capacity as the judge presiding over the plaintiff's divorce action. By filing a second complaint alleging virtually identical claims against Judge Kaufman, the plaintiff has exhibited a stubborn and unjustifiable defiance of this court's prior ruling. The plaintiff's present complaint against Judge Kaufman clearly has no chance of success. The plaintiff's present complaint is duplicative, vexatious, has caused defendant Kaufman to incur needless expenses, and has burdened this court system with litigation solely intended to intimidate and harass the named defendants. The plaintiff's lack of good faith in pursuing this second action against Judge Kaufman is precisely the type of conduct that Rule 11 was intended to deter. Accordingly, defendant Kaufman's motion for injunctive relief will be granted.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant Richard Kaufman's motions for dismissal and injunctive relief are **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff, Brad A. Tidik, is **ENJOINED** from

filing any new actions or pleadings in the United States District Court for the Eastern District of Michigan without certification, as provided in the Order attached.

**IT IS FURTHER ORDERED** that defendants Gerhard Ritsema, John Lemire, Lynn Watson, David March and David Manville's motion to dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Gerhard Ritsema, John Lemire, Lynn Watson, David March and David Manville's motion for injunctive relief is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint against defendants Lisa Tidik, John Longton, Theadora Smith, George Smith, Amy Smith, Carol Watson, Gross Ile Township, Maurice Stevens, Charles Coman and 12 unknown Gross Ile Township police officers is dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint is **DENIED.**

**SO ORDERED.**