Robert V. PRICE, Appellant,

v.

Gordon H. MANSFIELD, Acting Secretary of Veterans Affairs, Appellee.

No. 06–0858.

United States Court of Appeals for Veterans Claims.

Oct. 22, 2007.

Before GREENE, Chief Judge, and KASOLD, and DAVIS, Judges.

**ORDER**

PER CURIAM:

On December 28, 2006, Robert V. Price filed, through counsel, a motion to recall mandate and reinstate his appeal of a November 29, 2005, decision of the Board of Veterans' Appeals (Board). In that motion, Mr. Price asserts that there is good cause for the Court to recall mandate because he has a serious VA service-connected mental disorder. He also states that although he was previously representing himself, he will henceforth be represented by counsel. Mr. Price further asks the Court to accept his December 18, 2006, declaration of financial hardship as timely. The Secretary opposes the motion.

This appeal began on March 20, 2006, when the Disabled American Veterans (DAV) submitted a timely Notice of Appeal (NOA) on behalf of Mr. Price. The NOA specified that DAV's representation before this Court was limited to the filing of the NOA and listed Mr. Price's address in Leasburg, Missouri. On March 24, 2006, the Court mailed notification to Mr. Price, as a pro se appellant, that he had failed to include either a filing fee or a declaration of financial hardship with his NOA. After receiving no response from Mr. Price or notice from the post office that the mail was undeliverable, on April 27, 2006, the Court ordered Mr. Price to show cause, within 20 days, why his appeal should not be dismissed. After again receiving no response or notice that the mail was undeliverable, on June 6, 2006, the Court dis-

missed the appeal. The Court issued judgment on June 29, 2006, and entered mandate on August 30, 2006. Four months later, this motion followed. For the following reasons, Mr. Price's motion will be denied.

Mr. Price argues that the standard for determining whether to recall mandate is similar to the standard for equitable tolling based on a mental illness, as set forth by the United States Court of Appeals for the Federal Circuit. *See Barrett v. Principi*, 363 F.3d 1316 (Fed.Cir.2004); *Bailey v. West*, 160 F.3d 1360, 1364 (Fed.Cir.1998) (en banc). We agree that the analysis of *Barrett* and *Bailey* is relevant to whether the Court should equitably toll its claims processing rules, such as the time limit for submitting Mr. Price's financial hardship declaration. *See* U.S. VET.APP. R. 3(e).[1] However, whether the Court's mandate should be recalled is a separate matter.

█ The mandate of the Court, which generally issues 60 days after the date of entry of the judgment, is evidence that a judgment has become final. *See* U.S. VET. APP. R. 41. Although mandate may be recalled, such action is taken only under unusual circumstances, "for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of a prior judgment.'" *Serra v. Nicholson*, 19 Vet.App. 268, 271 (2005) (quoting *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir.1988)); *see McNaron v. Brown*, 10 Vet.App. 61, 62 (1997). Thus, mandate has been recalled when a pertinent change in law occurred subsequent to the issuance of a Court's order, but prior to the issuance of mandate (*Wells v. Gober*, No. 99–414, 2001 WL 53257 (Vet.App. Jan.3, 2001)(single-judge order)); when a later finding revealed that the Board did not have jurisdiction to render its original decision in a matter that the Court had decided (*Snyder v. Gober*, 14 Vet.App. 146 (2000)); and when an appellant died prior to mandate and the attorney failed to so inform the Court even as the attorney was pursuing an Equal Access to Justice Act award of attorney fees and expenses (*Serra*, 19 Vet.App. at 274). Other bases for recalling mandate include fraud and clerical error. *See, e.g., Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 248–50, 64 S.Ct. 997, 88 L.Ed. 1250 (1944) (recalling mandate when it was later discovered that judgment was obtained by fraud); *Lamb v. Farmers Ins. Co., Inc.*, 586 F.2d 96, 97 (8th Cir.1978) (recalling mandate because error in court clerk's office caused court's erroneous decision).

█ Mr. Price, now represented by DAV again, argues that he did not receive any correspondence regarding his appeal and its dismissal. He asserts that his current address is now in Hot Springs, Missouri, and explains that he had neglected to notify the post office, DAV, or the Court of his new address until December 2006, when he reestablished contact with DAV and signed an agreement authorizing DAV to represent him before the Court. He relies on his previous award of a 100% disability rating for VA service-connected post-traumatic stress disorder (PTSD) as

---

1. The Supreme Court has held that Federal courts have no authority to create equitable exceptions to jurisdictional requirements; however, claims processing rules may be equitably tolled. *See Bowles v. Russell*, — U.S. ——, ——, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). Although submission of the filing fee or declaration of financial hardship is generally required to accompany an NOA, the time limit for submitting the filing fee or declaration is a claims processing rule, and thus, a claimant's failure to act within such time does not divest the Court of jurisdiction over the appeal. *See* U.S. VET.APP R. 3(c), (e).

evidence that he is mentally incapacitated. Based on these facts, he submits that the Court should recall its mandate.

In contrast to the cases noted above where courts have recalled mandate, this is not a case where the law has changed before mandate issued, the Court lacks jurisdiction, the Court's dismissal of this appeal was obtained by fraud on the part of the Secretary, or ministerial error led to the dismissal of the appeal. Moreover, the facts do not support Mr. Price's vague assertion that his PTSD affected his ability to keep the Court informed of his address. Indeed, neither he nor his representative reveal the date that Mr. Price moved to Hot Springs. There is no assertion that the NOA was filed on Mr. Price's behalf without his knowledge, or that Mr. Price was unaware that he was a pro se appellant before the Court once the NOA was filed and was responsible for maintaining communication with the Court. *See* U.S. Vet.App. R. 46(d)(6) (practitioner may file NOA on behalf of appellant and specify that his or her appearance is limited to that filing),[2] 46.1 (self-represented party must provide written notice of any change in address or telephone number; documents mailed by Court to most recent address provided by party will be fully effective).

Additionally, despite his PTSD, Mr. Price has pursued his claim with VA since at least July 1997, when he was granted service connection. He has not offered any explanation as to why his disability prevented him, or the person who has been handling his affairs, from alerting the post office, DAV, or the Court of his new address before mandate issued in this appeal. Nor has he specified the date he stopped receiving mail at the address that he provided to the Court in his NOA. Further, there is no representation of what, if any, circumstances allowed Mr. Price, in December 2006 but not before, to inform DAV of his new address and his desire to reinstate his appeal of the November 2005 Board decision.

In sum, the facts alleged by Mr. Price do not establish that he was unable to give the Court notification of his change in address, and the failure to keep the Court informed of his current address does not constitute an unusual circumstance sufficient to recall the Court's mandate in his appeal of the November 2005 Board decision. *See Serra, supra;* U.S. Vet.App. R. 3(a) (failure to follow Court's Rules of Practice and Procedure may be grounds for dismissal of appeal), 46.1. In light of this conclusion that Mr. Price's appeal will not be reinstated, there is no need to address whether his declaration of finan-

---

**2.** Although Rule 46(d)(6) permits limited appearances, practitioners are reminded that they may not undertake activities prejudicial to their clients' cases. *See* Model Rules of Prof'l Conduct R. 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); 1.16(b)(1) ("a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client"); *see also* U.S. Vet.App. R. Adm. & Prac. 4(a) (adopting Model Rules of Professional Conduct), 1(e) (applying Rules of Admission and Practice to attorneys and non-attorney practitioners). Indeed, entering a limited appearance with knowledge that one's client is incapable of carrying on the appeal would, at a minimum, violate the spirit of Rule 46(d)(6), which is intended to increase veterans' abilities to access the Court's review of Board decisions. In this case, DAV had represented Mr. Price before VA for many years, and maintained power-of-attorney to represent him before VA during the pendency of his appeal before the Court. DAV necessarily was well aware of the level of Mr. Price's ability to communicate via mail when it entered a limited appearance on his behalf, or it should have been so aware. If there were concerns about Mr. Price's ability to take control of his appeal at that time, DAV should have so informed the Court at that time.

cial hardship will be accepted as timely through equitable tolling.

Upon consideration of the foregoing, it is

ORDERED that the motion to recall mandate and reinstate the appeal of a November 29, 2005, decision of the Board is DENIED.